RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
TIMOTHY W. LOOSE (SBN 241037)
tloose@gibsondunn.com
MICHAEL J. HOLECEK (SBN 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Specially Appearing Defendants
Aetna Life Insurance Company, Aetna, Inc.,
Coventry Health Care, Inc., First Health Life &
Health Insurance Company, Mark T. Bertolini,
Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki,
Chelsea Jeffers

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>Plaintiff,<br><br>v.<br><br>NATASSIA KELLY, BILLA JOE GOLDICKY, CHELSEA JEFFERS, MARK T. BERTOLINI, KAREN S. LYNCH (ROHAN), ALLEN WISE, FIRST HEALTH LIFE & HEALTH INSURANCE COMPANY, AETNA, INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE, INC., and TEN DEFENDANTS, 1-10,<br><br>Defendants. | Case No. 2:17-cv-6022 MWF (PJWx)<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO COMPLAINT BY 30 DAYS**<br><br>[Declaration of Timothy W. Loose and [Proposed] Order filed concurrently herewith]<br><br>Current Response Date If Mailed Service of Complaint Is Effective:<br>Sept. 15, 2017<br><br>Requested Response Date:<br>Oct. 16, 2017 |

# NOTICE OF *EX PARTE* APPLICATION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Specially Appearing Defendants Aetna Life Insurance Company, Aetna, Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki,[1] Chelsea Jeffers (together, the "Specially Appearing Defendants"), by and through their counsel of record, apply *ex parte* pursuant to Central District of California Local Rules 7-19 and 7-19.1 for an order extending their time to answer or otherwise respond to Plaintiff's Complaint by 30 days, up to and including October 16, 2017.[2]

Defendants are required to bring this application *ex parte* because Plaintiff Stephen Yagman (appearing *pro se*) refused to extend their time to respond to the Complaint. Defendants have not requested any previous extensions, have recently retained their counsel, and require additional time to investigate several issues bearing on their responses to the complaint, including but not limited to:

- ➢ the sufficiency of Plaintiff's attempt to serve all defendants with process via mail, without any effort to make personal service;
- ➢ whether the Court has personal jurisdiction over Defendants, all of whom are residents of other states; and
- ➢ whether Plaintiff has stated a valid claim for relief in his attempt to assert claims for fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, and elder abuse arising from the purported cancellation of his prescription medication insurance plan.

---

[1] Ms. Glabicki appears to be erronesouly identified in the complaint as "Billa Joe Goldicky."

[2] Because the 30th day is a Sunday (October 15, 2017), Defendants have adjusted their request to the next business day, in accordance with Federal Rule of Civil Procedure 6(a)(1)(C).

Gibson, Dunn & Crutcher LLP

DEFENDANTS' EX PARTE APPLICATION   Case No. 2:17-cv-6022 MWF (PJWx)

Moreover, Plaintiff attempts to bring claims against 10 different defendants, and Defendants' counsel requires additional time to coordinate the responses among the various parties. This is the first extension requested by Specially Appearing Defendants, and no further extensions are contemplated or expected.

This *ex parte* request for an extension of time to respond to the initial complaint by not more than 30 days is based upon this Notice, the attached Application, the supporting Declaration of Timothy W. Loose, and such other evidence as may be presented to the Court at any hearing on the Application or of which the Court takes judicial notice.

DATED: September 12, 2017

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Timothy W. Loose*

Attorney for Specially Appearing Defendants Aetna Life Insurance Company, Aetna, Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers.

# EX PARTE APPLICATION

## I. NAMES/ADDRESSES OF OPPOSING COUNSEL

Plaintiff Stephen Yagman is a disbarred attorney who has chosen to represent himself in this action *pro se*. Pursuant to Central District of California Local Rule 7-19, Defendants provide the following contact information for Mr. Yagman:

- Stephen Yagman
  475 Washington Boulevard
  Venice Beach, California 90292-5287
  (310) 452-3200[3]

## II. GROUNDS FOR APPLICATION

Specially Appearing Defendants make this application to request a simple extension of time—up to and including October 16, 2017—to submit their responses to the initial complaint. Plaintiff has refused to stipulate to this relief.

On August 15, 2017, Plaintiff attempted to effectuate service of the summons by sending it in the mail to all Defendants, without making any attempt at personal service. Specially Appearing Defendants reserve the right to challenge the sufficiency of this attempted service (and the Court's personal jurisdiction over them), and dispute that Plaintiff's service by mail has triggered any deadline to respond to the complaint. But in an abundance of caution, assuming *arguendo* Plaintiff's service was effective, Defendants calculate September 15, 2017 as the earliest possible deadline for them to respond to the complaint.

This rapidly approaching date does not provide Specially Appearing Defendants or their counsel with sufficient time to investigate Plaintiff's numerous claims for breach of contract, fraud, elder abuse, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Nor does this short timetable provide Specially Appearing Defendants an opportunity to pursue and coordinate their defenses (including their challenges to personal jurisdiction), or to prepare their respective

---

[3] Mr. Yagman has not provided an email address, and he has advised counsel for Defendants that he does not consent to electronic service of documents.

responses to the complaint.  The impending deadline also deprives Specially Appearing Defendants of the opportunity to bring a regularly noticed motion for an extension of time, necessitating *ex parte* relief.

As Specially Appearing Defendants only recently retained counsel, they require an additional 30 days to investigate the claims, prepare their responses to the complaint, and coordinate their arguments and submissions (including their anticipated challenges to personal jurisdiction).  In accordance with Local Rule 8-3, and Civility and Professionalism Guideline B.1, after being retained, Specially Appearing Defendants' counsel promptly requested a 30-day extension of time to respond to the Complaint, which Mr. Yagman refused.

Mr. Yagman's denial of this first, reasonable request to respond to the initial complaint, and his refusal to follow the civility guidelines, is inexcusable.  There is good cause for granting the requested 30-day extension, as it provides procedural relief to facilitate the just and orderly progression of this case.  *See* Fed. R. Civ. P. 6(b).

This Court has the authority to grant the requested relief under the Federal Rules and its inherent power to manage its docket.  *See generally* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires").  Specially Appearing Defendants respectfully submit that extending their time to answer and/or respond to Plaintiff's Complaint to October 16, 2017 would advance an economical and efficient resolution of this matter without prejudicing either party and would conserve the parties' and the Court's resources.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("[R]equests for extension of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'") (citations omitted).  Specially Appearing Defendants make this application without waiving their right to move to dismiss for lack of personal jurisdiction.

### III. NOTICE OF APPLICATION AND PLAINTIFF'S OPPOSITION

On September 7, 2017, Specially Appearing Defendants' counsel called Plaintiff (who is appearing *pro se*) at the above-listed telephone number and left a message with Plaintiff's receptionist requesting a 30-day extension of time to respond to the initial complaint. After exchanging voice messages later that day, Defendants' counsel spoke with Plaintiff on the following day, September 8, 2017. Plaintiff stated that he would not agree to the requested extension of time. Declaration of Timothy W. Loose in Support of Defendants' *Ex Parte* Application to Extend Time to Respond to Plaintiff's Complaint ¶ 2. On that same telephone call of September 8, at approximately 1:30 p.m., Defendants' counsel then provided notice of this Application, and articulated the bases for the request.

Plaintiff stated that he opposed the *ex parte* application and would not grant Defendants additional time to respond.

Dated: September 12, 2017

GIBSON, DUNN & CRUTCHER LLP

By: *[signature]*
Timothy W. Loose

Attorneys for Specially Appearing Defendants Aetna Life Insurance Company, Aetna, Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers.