RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
TIMOTHY W. LOOSE (SBN 241037)
tloose@gibsondunn.com
MICHAEL J. HOLECEK (SBN 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:   (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Defendants Aetna Life Insurance Company, Aetna, Inc., Coventry Health Care, Inc., and First Health Life & Health Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>            Plaintiff,<br><br>     v.<br><br>NATASSIA KELLY, BILLA JOE GOLDICKY, CHELSEA JEFFERS, MARK T. BERTOLINI, KAREN S. LYNCH (ROHAN), ALLEN WISE, FIRST HEALTH LIFE & HEALTH INSURANCE COMPANY, AETNA, INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE, INC., and TEN DEFENDANTS, 1-10,<br><br>            Defendants. | Case No. 2:17-cv-6022 MWF (PJWx)<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION FOR AN ORDER EXTENDING THE DEADLINE FOR OPPOSING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BY 14 DAYS, AND SUSPENDING BRIEFING AND HEARING ON PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**<br><br>[Declaration of Timothy W. Loose and [Proposed] Order filed concurrently herewith]<br><br>Complaint Filed:  Aug. 14, 2017 |

# NOTICE OF *EX PARTE* APPLICATION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants Coventry Health Care, Inc. and First Health Life & Health Insurance Company, and Specially Appearing Defendants Aetna Life Insurance Company and Aetna, Inc. (together, the "Defendants"),[1] by and through their counsel of record, apply *ex parte* pursuant to Central District of California Local Rules 7-19 and 7-19.1 and Federal Rule of Civil Procedure 56(d) for two items of relief:

*First*, Defendants request a 14-day extension of the briefing and hearing deadlines on Plaintiff's Motions for Preliminary Injunction and Specific Performance ("Motion for Preliminary Injunction," Dkt. 16). Defendants have not yet responded to the complaint, and they did not receive Plaintiff's Motion for Preliminary Injunction until Monday, September 25, 2017. Their opposition to the Motion for Preliminary Injunction is due in just one week, on October 2, 2017. This minimal notice does not provide Defendants with a meaningful opportunity to assess and respond to the 12 exhibits Plaintiff presented for the first time with his motion, much less prepare an opposition brief.

Plaintiff will not experience any prejudice from a two-week extension of the deadlines associated with the Motion for Preliminary Injunction. Plaintiff waited more than a month after filing his complaint to bring the Motion, and while he claims to be without certain medications due to the allegedly improper termination of insurance coverage, Exhibit 12 to Plaintiff's declaration demonstrates that Plaintiff has been purchasing his medications, and has secured alternative insurance coverage. (*See*, *e.g.*, Dkt. 16 at p. 44 (prescription medication receipts showing an insurance plan, group,

---

[1] Plaintiff confirmed to Defendants' counsel that his motions are directed only at these four corporate defendants. (*See* Dkt. No. 16, p. 3; *see also* Declaration of Timothy Loose at ¶ 2.) Specially Appearing Defendants Aetna, Inc. and Aetna Life Insurance Company make this application without waiving their right to move to dismiss for lack of personal jurisdiction.

DEFENDANTS' EX PARTE APPLICATION   Case No. 2:17-cv-6022 MWF (PJWx)

claim reference number, and statement of how much "Your Insurance Saved You").) Moreover, Plaintiff has not sought an emergency temporary restraining order, nor has he sought to shorten time on his Motion for Preliminary Injunction, underscoring that a brief extension will not cause him any undue prejudice.

*Second*, Defendants request an order suspending briefing and hearing on Plaintiff's Motion for Summary Adjudication of the Issue of Breach of Contract ("Motion for Summary Adjudication") until this Court holds an Initial Scheduling Conference, at which time the parties can discuss, and the Court can set, a reasonable briefing and hearing schedule for Plaintiff's Motion for Summary Adjudication. The pleadings have not yet been resolved, and Defendants have not yet filed their motion to dismiss, which currently is due October 16. In the alternative, Defendants request that the Court extend the time for them to file an opposition to Plaintiff's Motion for Summary Adjudication until 30 days after this Court rules on their forthcoming motion to dismiss. This relief is warranted because the Motion for Summary Adjudication is premature: Defendants are still evaluating Plaintiff's claims, they have not even responded to the complaint, and no discovery has taken place.

Defendants are required to bring this application *ex parte* because Plaintiff Stephen Yagman (appearing *pro se*) refused to agree to any modification of the timeline for his Motion for Preliminary Injunction or his Motion for Summary Adjudication unless Defendants agreed to reinstate Plaintiff's prescription medication insurance coverage—the very remedy he seeks in his Motion for Preliminary Injunction. Defendants could not agree to this improper condition.

Plaintiff opposes this application based on his belief that he is entitled to preliminary injunctive relief, and he intends to file a written opposition brief. Pursuant to the Court's local rules, Plaintiff must file any written opposition within 24 hours of the date of this application.

Defendants previously requested an extension to respond to the complaint by 30 days via *ex parte* application, which the Court granted. It was not until the Court

granted this relief (and denied Plaintiff's request for reconsideration) that Plaintiff sought the extraordinary relief of a preliminary injunction.

This *ex parte* request is based upon this Notice, the attached Application, the supporting Declaration of Timothy W. Loose, and such other evidence as may be presented to the Court at any hearing on the Application or of which the Court takes judicial notice.

DATED: September 27, 2017

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Timothy W. Loose*

Attorney for Defendants Aetna Life Insurance Company, Aetna, Inc., Coventry Health Care, Inc., and First Health Life & Health Insurance Company.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' EX PARTE APPLICATION   Case No. 2:17-cv-6022 MWF (PJWx)
3

## *EX PARTE* APPLICATION

### I. NAMES/ADDRESSES OF OPPOSING COUNSEL

Plaintiff Stephen Yagman has chosen to represent himself in this action *pro se*. Pursuant to Central District of California Local Rule 7-19, Defendants provide the following contact information for Mr. Yagman:

- Stephen Yagman
  475 Washington Boulevard
  Venice Beach, California 90292-5287
  (310) 452-3200[2]

### II. GROUNDS FOR APPLICATION

Plaintiff filed this action on August 14, 2017, and, pursuant to the Court's order, Defendants' response is due on October 16, 2017. (Dkt No. 9.)

On September 22, 2017, Plaintiff served, by mail, an omnibus Motion for Summary Adjudication of the Issue of Breach of Contract ("Motion for Summary Adjudication"), together in the same filing with his Motions for Preliminary Injunction and Specific Performance ("Motion for Preliminary Injunction"). Defendants received the omnibus motion on September 25, 2017. *See* Declaration of Timothy Loose ("Loose Decl.") ¶ 3. The omnibus motion was filed with the Court on September 25, 2017, and entered on the Court's docket the next day. Because Plaintiff noticed his motions for hearing on October 23, 2017, Defendants' opposition is due on October 2, 2017, just *one week* after receiving the moving papers, declaration, and 12 exhibits. Defendants request two different types of deadline relief directed at the motions imbedded in Plaintiff's omnibus request.

With respect to the Motion for Preliminary Injunction and Specific Performance, Defendants request a 14 day extension of the briefing and hearing deadlines. With respect to the Motion for Summary Judgment, the request is to suspend briefing until the pleadings are resolved and the Court sets a case schedule for summary judgment

---

[2] Mr. Yagman has not provided an email address, and he has advised counsel for Defendants that he does not consent to electronic service of documents.

motions. *See generally* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires").

### A. Good Cause Exists for Extending the Briefing and Hearing on Plaintiff's Motion for Preliminary Injunction by 14 Days.

Due to the manner of service and the date for which Plaintiff noticed his Motion for Preliminary Injunction, Defendants have only one week to oppose the motion, in the absence of any extension. Good cause exists for extending that deadline, and the hearing date, by 14 days.

Plaintiff's Motion for Preliminary Injunction attaches and relies upon 12 exhibits of new evidence not previously produced. Plaintiff previously told Defendants' counsel that certain (unidentified) documents would be made available at Plaintiff's place of business for inspection. Loose Decl. ¶ 5. But when Defendants attempted to arrange a time to view that evidence, Plaintiff withdrew that offer and refused to provide the evidence until formal discovery commenced. *Id.* Thus, Plaintiffs' Motion for Preliminary Injunction represents the first time Plaintiff has disclosed his evidence to Defendants, who require more time to evaluate that evidence and prepare a response.

Plaintiff's evidence and briefing presents several issues that cannot be investigated in one week. For example, Plaintiff claims that his prescription medication coverage was improperly terminated for non-payment of premiums because he made a payment before the May 31, 2017, deadline that purportedly "defendants deposited in their Chase Bank account on May 19, 2017," and in support he cites Exhibit 5[3] to his declaration. (Dkt. 16 at 4:19.) But Exhibit 5 states that the

---

[3] Plaintiff's motion appears to erroneously refer to Exhibit 4 (a reimbursement check from Aetna Pharmacy Management) when discussing the timing of his payment of $126.90. As Exhibit 5 is a payment from Plaintiff to First Health, Defendants assume that Plaintiff intended to refer to that exhibit.

"Paid Date" was not until June 8, 2017, and the reverse of the check bears a stamp reflecting a "060817" date. (Dkt. 16 at 26.) The check also bears a less legible notation that Plaintiff apparently reads as stating "05/19/2017," but whether that is what the stamp says—and what it means even if that is what it says—is entirely unclear at this point. Plaintiff does not attempt to explain or reconcile any of this, which only highlights the need for additional time to assess Plaintiff's evidence and prepare an appropriate response.

Similarly, Plaintiff claims that he has been without insurance, and has had to forgo certain medications. But an initial review of the evidence he has submitted for the first time contains several entries suggesting that Plaintiff has been receiving many of his mediations, and that he has obtained some form of alternative insurance. The first entry in Exhibit 12 to his declaration shows that Plaintiff's insurance plan is "NMHC"; an insurance group number and claim reference are printed on the receipt, as is a statement that "Your Insurance Saved You $60.04." Again, Plaintiff does not explain this, and Defendants should be afforded an adequate opportunity to analyze Plaintiff's evidence and test his assertions about his need for extraordinary relief in their opposition brief. The current schedule simply does not permit this, and a brief, 14-day extension of the briefing and hearing deadlines on the Motion for Preliminary Injunction is warranted.

### B. Briefing and Hearing on Plaintiff's Premature Motion for Summary Judgment Should Be Suspended.

Plaintiff's Motion for Summary Adjudication is premature, and should not proceed until the pleadings have been resolved and the Court establishes a schedule for discovery and motion practice. Defendants have not even responded to the complaint, discovery has not commenced, and the Court has not held an Initial Scheduling Conference. Defendants therefore request that the Court suspend briefing on Plaintiff's motion or, at the very least, extend the deadline to oppose until 30 days after their motion to dismiss is resolved.

  This is not the first case in which Plaintiff has filed a patently premature motion for summary adjudication. In *Yagman v. Redwood Toxicology Lab. Inc.*, Plaintiff filed a motion for summary adjudication before the defendants responded to the complaint (No. 2:14-cv-07555-SVW-CW, Dkt. No. 15) and then inundated the court and the defendants with several additional motions for summary adjudication. (*See*, *e.g.*, *id.*, Dkt. Nos. 19, 78, 101.) The district court took Plaintiff's motions "off calendar" (*see*, *e.g.*, *id.*, Dkt. No. 38) and then denied his motions as "as premature in light of the pending motions to dismiss." (*Id.*, Dkt No. 211.) The Ninth Circuit summarily affirmed dismissal of Plaintiff's motions, noting that "no discovery [had taken] place." *Yagman v. Cornell Companies, Inc.*, No. 15-56581, 2017 WL 1950425, at *2 (9th Cir. May 10, 2017).

  This Court, and others, have similarly held that motions for summary judgment or adjudication are premature when the defendant has not responded to the complaint and no discovery has occurred. *See*, *e.g.*, *VenVest Ballard, Inc. v. Clockwork, Inc.*, No. 14-00195, 2014 WL 12570251, at *1 (C.D. Cal. June 2, 2014) (Fitzgerald, J.) ("it is premature to grant summary judgment because [defendants] have not yet conducted discovery to support their defenses"); *Turner v. Cty. of San Diego*, No. 14-CV-2003-JAH, 2016 WL 6804998, at *6 (S.D. Cal. Oct. 3, 2016) (collecting cases and holding that "courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with Rule 56's timing provisions"); *Zelhofer v. Metro. Life Ins. Co.*, No. 2:16-CV-007730-TLN, 2016 WL 4126724, at *6 (E.D. Cal. Aug. 3, 2016) ("Plaintiff is informed that motions for summary judgment or summary adjudication are ordinarily premature until the point in litigation at which the defendants have answered the complaint and the parties have conducted any necessary discovery."); *Tetsuya v. Amazon.com, Inc.*, No. C11-01210-HRL, 2011 WL 10632812, at *3 (N.D. Cal. Nov. 8, 2011) ("Plaintiff's motion for summary judgment is premature [because] [t]his case is still at the pleading stage"); *Acosta v. Fast N Esy II, Inc.*, No. 16-01150, 2017 WL 75796, at *4 (E.D. Cal. Jan. 9, 2017) ("As the pleadings have not

1  been closed, it would be premature to consider a motion for summary judgment before
2  Plaintiff has an opportunity to conduct any discovery").

3        Indeed, Defendants will move to dismiss all of Plaintiff's claims for failure to
4  state a claim on October 16, 2017 (Dkt. No. 9), and, if that motion is granted, it will
5  moot Plaintiff's Motion for Summary Adjudication. *See*, *e.g.*, *Zelhofer*, 2016 WL
6  4126724, at *6 ("Because the complaint will be dismissed with leave to amend,
7  plaintiff's motion for summary adjudication … is moot and will be denied).

8        Finally, Plaintiff's Motion for Summary Adjudication should be deferred
9  because it raises factual issues that cannot be resolved without discovery. *See* Fed. R.
10 Civ. Pro. 56(d). Specifically, Plaintiff claims that he mailed a $126.90 money order on
11 May 9, 2017, and that it was deposited on May 19, 2017. (Dkt. No. 16, p. 4.) In
12 support, Plaintiff offers only his sworn declaration and a purported copy of a cashed
13 money order. The back of the money order includes notations (some of which are
14 illegible), and Plaintiff does not attach any evidence or declarations explaining what
15 those notations mean. (*Id.*, p. 26.) Plaintiff simply jumps to the conclusion that the
16 money order was deposited on May 19, 2017, ignoring a notation on the same money
17 order bearing the date of June 8, 2017. (*Id.*) At a minimum, Defendants are entitled to
18 take discovery as to both the timing of when Plaintiff purportedly mailed the money
19 order (including by taking Plaintiff's deposition, submitting special interrogatories to
20 Plaintiff regarding the timing and method of Plaintiff's purported payment, and
21 requesting documents from Plaintiff reflecting the date of mailing and the timing of his
22 payment). Defendants also should be allowed to take discovery as to the meaning of
23 the notations on the back of the money order (including by serving discovery requests,
24 and possibly deposition notices, on the financial institution(s) that processed the
25 money order) before this issue could be properly addressed on a summary judgment
26 motion. Because none of this evidence is within Defendants' control, they cannot
27 obtain it outside of formal discovery, which has not even begun. (And while
28 Defendants attempted to obtain evidence from Plaintiff through informal discovery,

Plaintiff rebuffed these efforts in favor of formal discovery). Accordingly, Defendants request that the Court suspend briefing and hearing on Plaintiff's Motion for Summary Adjudication. *See* Fed. R. Civ. Pro. 56(d) (court may "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order").

### C. Plaintiff Will Not Experience Prejudice From The Requested Time Extensions

Neither the 14-day extension requested for the Motion for Preliminary Injunction, nor the deferral of the Motion for Summary Adjudication, would prejudice Plaintiff. Despite Plaintiff's statements about being unable to access certain medications, he has not sought any emergency relief from this Court, and has not set forth any facts suggesting that relief would be warranted if he sought it. Plaintiff's evidence demonstrates that he has been obtaining his medications, and any purported damages associated with his alleged harm would be monetary in nature, which Plaintiff asserts "total $1,286.47." Plaintiff does not claim that he is unable to pay this amount, nor does he claim that he has sought low-income assistance under Medicare's "Extra Help" program (or that he would qualify if he did seek such help). Instead, he simply states that he will have to "continue to pay approximately $700 per month out-of-pocket." (Dkt. 16 at 12:15.) Should Plaintiff ultimately prevail in this case (and Defendants submit that he will not), he can be made whole by reimbursing this sum.

At most, the only medications Plaintiff claims that he is currently going without are a sleep aid and a nausea reducer, and he simply states that he "cannot afford to purchase them," without describing their cost, how often his doctor recommends that he uses them, when he last had the prescription filled, or whether those medications even would be covered under his prescription medication plan. (*Id.* at 12:27–13:2.) Given that Plaintiff's evidence suggests that he is currently taking medications that are covered by the alternate insurance he has secured, and the fact that Plaintiff did not decide to move for a preliminary injunction until Defendants' request for more time to

respond to the complaint was granted, there is no reason to believe that Plaintiff will suffer any prejudice from the deadline relief sought in this application.

### III. NOTICE OF APPLICATION AND PLAINTIFF'S OPPOSITION

On September 26, 2017, Defendants' counsel called Plaintiff (who is appearing *pro se*) at the above-listed telephone number and requested the relief sought by this *ex parte* motion. Loose Decl. ¶ 2. Plaintiff stated that he opposed the application because he believes he is entitled to preliminary relief, and would file a written opposition. He stated he would only provide relief from the deadlines if his prescription medication insurance coverage were reinstated. *Id.* On that same telephone call of September 26, at approximately 1:15 p.m., Defendants' counsel then provided notice of this Application, and articulated the bases for the request.

If Plaintiff still intends to serve a written opposition brief, Defendants note that he must do so within 24 hours of the date of this application.

Dated: September 27, 2017

GIBSON, DUNN & CRUTCHER LLP

By: _____
Timothy W. Loose

Attorneys for Defendants Aetna Life Insurance Company, Aetna, Inc., Coventry Health Care, Inc., and First Health Life & Health Insurance Company.