1   RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
2   TIMOTHY W. LOOSE (SBN 241037)
tloose@gibsondunn.com
3   MICHAEL J. HOLECEK (SBN 281034)
mholecek@gibsondunn.com
4   GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
5   Los Angeles, California  90071-3197
Telephone:  (213) 229-7000
6   Facsimile:  (213) 229-7520

7   Attorneys for Aetna Life Insurance Company,
Aetna Inc., Coventry Health Care, Inc., First
8   Health Life & Health Insurance Company, Mark
T. Bertolini, Karen S. Lynch, Natassia Kelly,
9   Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise

10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>       Plaintiff,<br><br>       v.<br><br>NATASSIA KELLY, BILLA JOE GOLDICKY, CHELSEA JEFFERS, MARK T. BERTOLINI, KAREN S. LYNCH (ROHAN), ALLEN WISE, FIRST HEALTH LIFE & HEALTH INSURANCE COMPANY, AETNA, INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE, INC., and TEN DEFENDANTS, 1-10,<br><br>       Defendants. | Case No. 2:17-cv-6022 MWF (PJWx)<br><br>The Hon. Michael W. Fitzgerald<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR:**<br><br>**(1) LACK OF PERSONAL JURISDICTION;**<br><br>**(2) INSUFFICIENT SERVICE OF PROCESS;**<br><br>**(3) FAILURE TO STATE A CLAIM;**<br><br>**AND, ALTERNATIVELY,**<br><br>**MOTION TO STRIKE**<br><br>*[Declarations of Allen Wise and Edward Lee and [Proposed] Order filed concurrently herewith]*<br><br>Date:     November 20, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 5A<br><br>Complaint Filed:  August 14, 2017 |

DEFENDANTS' MOTION TO DISMISS            2:17-cv-6022

**TO THIS COURT, ALL PARTIES AND TO THEIR ATTORNEYS:**

Please take notice that on November 20, 2017, at 10:00 a.m., in Courtroom 5A of the above-captioned court, located at 350 West First Street, Los Angeles, CA, or as soon thereafter as may be heard, Defendants Aetna Life Insurance Company, Aetna Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise ("Defendants")[1] will, and hereby do, move this Court for an order under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) dismissing all of the claims and causes of action contained in Plaintiff Stephen Yagman's Complaint, or, at a minimum, quashing service and striking class action, attorneys' fee, and punitive damages allegations from the Complaint.

As explained in more detail in the accompanying Memorandum of Points and Authorities, Defendants' Motion should be granted for several reasons:

First, the Court lacks personal jurisdiction over Aetna Inc., Aetna Life Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Allen Wise and Chelsea Jeffers. These defendants are not at home in California, and Plaintiff does not (and cannot) demonstrate the minimum contacts with California that are required before these defendants can be subjected to defending themselves in a far-off courtroom.

Second, Plaintiff has not demonstrated proper service of process on any of the Defendants. Plaintiff filed only one proof of service, which pertains only to Mr. Wise. That proof of service shows that Plaintiff improperly attempted to serve Mr. Wise by mailing the Complaint to his *former* employer. Because that proof of service is

---

[1] Although several Defendants challenge personal jurisdiction and all Defendants challenge service of process, this Motion does not denominate them as "specially appearing" defendants because "a special appearance need not be filed in order to challenge jurisdiction," *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844, n.10 (9th Cir. 1969), and a defendant may "simultaneously" contest jurisdiction and "assert[] whatever claims or defenses it has against the plaintiff." *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007).

DEFENDANTS' MOTION TO DISMISS                    2:17-cv-6022

insufficient, and because Plaintiff has not even attempted to demonstrate proper service on any of the other Defendants, the motion should be granted pursuant to Rule 12(b)(5).

Third, Plaintiff fails to properly state any claims for relief.  Instead of directing allegations to any specific defendants, he impermissibly relies on group pleading of bare conclusions, unsupported by any factual allegations, which is insufficient under either Rule 8(a) or 9(b).

Fourth, if the action is not dismissed entirely, Plaintiff's class-action allegations (Compl. ¶¶ 100-108) and prayer for attorneys' fees (*id.* p. 13, prayer #5) should be stricken.  As a *pro se* litigant, Plaintiff cannot represent anyone other than himself, and he cannot recover any "attorneys' fees" purportedly incurred from the self-representation.  Plaintiff's prayer for punitive damages (*id.* p. 13, prayer #2) also should be stricken because the Complaint includes no factual allegations suggesting that any defendant acted with fraud, malice, or oppression.

This Motion is made following the conference of counsel required by Local Rule 7-3, which took place by telephone on September 8, 2017.  This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Allen Wise and Edward Lee, all cited authorities, all pleadings and papers on file in this action, and such oral arguments and other evidence and/or arguments as the Court shall consider prior to or at the time of hearing on this Motion.

DATED:  October 16, 2017

RICHARD J. DOREN
GIBSON, DUNN & CRUTCHER LLP


By:_____*/s/ Richard J. Doren*_____
　　　Richard J. Doren
　　Attorneys for Defendants

DEFENDANTS' MOTION TO DISMISS

2

2:17-cv-6022

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................1

II.  ALLEGED FACTS AND PROCEDURAL HISTORY .....................................2

III.  THE COURT LACKS PERSONAL JURISDICTION OVER AETNA INC., ALIC, AND THE INDIVIDUAL DEFENDANTS ...................4

    A.  Plaintiff Fails To Establish General Personal Jurisdiction........................5

    B.  No Allegations Support Specific Personal Jurisdiction .........................6

IV.  PLAINTIFF'S DEFECTIVE SERVICE OF PROCESS REQUIRES DISMISSAL OR, AT A MINIMUM, AN ORDER QUASHING SERVICE....................................................................................8

V.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT UNDER ANY LEGAL THEORY ...........................................9

    A.  Plaintiff Impermissibly Relies on Group Pleading................................10

    B.  Plaintiff's Vague and Conclusory Allegations Do Not Satisfy Either Rule 8(a) or 9(b)................................................................11

    C.  Each Claim Suffers from Numerous Additional Pleading Defects................................................................................13

        1.  *Breach & Fraudulent Breach of Written Agreement (Counts 1 and 2)* ........................................................13

        2.  *Fraud (Count 3)* ..............................................................14

        3.  *Financial Abuse (Count 4)* ...........................................15

        4.  *Unfair Business Practices (Count 5)*............................15

        5.  *Insurance Bad Faith (Count 6)* ....................................15

        6.  *RICO (Count 7)*..............................................................16

    D.  Plaintiff Pleads No Facts Supporting Personal Liability Against the Individual Defendants........................................................17

VI.  PLAINTIFF CANNOT REPRESENT A CLASS *PRO SE* .............................18

VII.  PLAINTIFF CANNOT RECOVER ATTORNEYS' FEES ............................19

VIII.  NO FACTUAL ALLEGATIONS SUPPORT THE PRAYER FOR PUNITIVE DAMAGES.................................................................19

IX.  CONCLUSION ........................................................................20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adelphia Recovery Tr. v. Bank of Am., N.A.*,
    624 F. Supp. 2d 292 (S.D.N.Y. 2009).................................................................12

*Alvarado v. Aurora Loan Servs., LLC*,
    No. SACV 12-0524, 2012 WL 4475330 (C.D. Cal. Sept. 20, 2012) ....................13

*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*,
    1 F.3d 848 (9th Cir. 1993)......................................................................................7

*Andren v. Alere, Inc.*,
    207 F. Supp. 3d 1133 (S.D. Cal. 2016).................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................9

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013)...........................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................10

*Berkley v. Dowds*,
    152 Cal. App. 4th 518 (2007)...............................................................................14

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986)................................................................................7

*Butcher's Union Local No. 498, United Food and Commercial Workers
    v. SDC Inv., Inc.*,
    788 F.2d 535 (9th Cir. 1986)..................................................................................6

*Chagby v. Target Corp.*,
    No. CV 08-4425-GHK, 2009 WL 398972 (C.D. Cal. Feb. 11, 2009)...................17

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*,
    90 Cal. App. 4th 335 (2001)................................................................................16

*City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*,
    399 F.3d 651 (6th Cir. 2005)..................................................................................7

*Conroy v. Capital One, N.A.*,
    No. EDCV 1401314, 2014 WL 12586070 (C.D. Cal. Sept. 15, 2014) .................14

*Corazon v. Aurora Loan Servs., LLC*,
    No. 11-00542, 2011 WL 1740099 (N.D. Cal. May 5, 2011)................................10

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) .............................................................................................5

*Das v. Bank of America, N.A.*,
    186 Cal. App. 4th 727 (2010)...............................................................................14

**TABLE OF AUTHORITIES** (*cont.*)                                      Page(s)

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012)..................................................................15

*Doctors' Co. v. Superior Court*,
  49 Cal. 3d 39 (1989).................................................................................17

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014)................................................................9, 16

*Estrada v. Gate Gourmet, Inc.*,
  No. CV 17-1100-MWF, 2017 WL 2468773 (C.D. Cal. June 6, 2017) ...................19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011) ...............................................................................4

*Grieves v. Super. Ct.*,
  157 Cal. App. 3d 159 (1984).......................................................................19

*Ideen v. Straub*,
  613 F. App'x 117 (3d Cir. 2015).................................................................8

*IV Sols., Inc. v. United HealthCare Servs., Inc.*,
  No. 16-cv-9598, 2017 WL 3018079 (C.D. Cal. July 12, 2017) ...............9

*Keeton v. Hustler Magazine*,
  465 U.S. 770 (1984) ...................................................................................5

*Kent v. Microsoft Corp.*,
  No. SACV 13-0091, 2013 WL 3353875 (C.D. Cal. July 1, 2013).................14

*Kinslow v. Pullara*,
  538 F.3d 687 (7th Cir. 2008).......................................................................4

*Langan v. United Serv. Auto. Ass'n*,
  69 F. Supp. 3d 965 (N.D. Cal. 2014) ......................................................18

*Leroy-Garcia v. Brave Arts Licensing*,
  No. C 13-01181, 2013 WL 4013869 (N.D. Cal. Aug. 5, 2013) ...............5

*Lippert v. Bailey*,
  241 Cal. App. 2d 376 (1966).....................................................................17

*Mackell v. Wells Fargo Home Mortgage*,
  No. 16-cv-04202-BLF, 2017 WL 373077 (N.D. Cal Jan. 26, 2017)...................14

*Mahmoud v. Select Portfolio, Inc.*,
  No. 3:17-CV-00568, 2017 WL 3387470 (N.D. Cal. Aug. 7, 2017) .............13, 15

*Mann v. Castiel*,
  681 F.3d 368 (D.C. Cir. 2012) ...................................................................8

*Mid-Continent Wood Prods., Inc. v. Harris*,
  936 F.2d 297 (7th Cir. 1991).......................................................................8

*Montalbano v. Easco Hand Tools, Inc.*,
  766 F.2d 737 (2d Cir. 1985)........................................................................9

DEFENDANTS' MOTION TO DISMISS                          2:17-cv-6022
                        iii

<u>TABLE OF AUTHORITIES</u> (*cont.*)                                            Page(s)

*Moore v. La Habra Relocations, Inc.*,
   501 F. Supp. 2d 1278 (C.D. Cal. 2007).................................................................17

*Ohlweiler v. Bank of Am. Corp.*,
   No. 3:15-CV-2268, 2015 WL 8484526 (S.D. Cal. Dec. 9, 2015)..........................14

*Olsen v. North American Co. for Life and Health Ins.*,
   No. E041640, 2009 WL 3166639 (Cal. Ct. App. Oct. 2, 2009)
   (unpub.)..................................................................................................................14

*Penalbert-Rosa v. Fortuno-Burset*,
   631 F.3d 592 (1st Cir. 2011).................................................................................11

*Perondi v. Schriro*,
   370 F. App'x 805 (9th Cir. 2010)..........................................................................18

*PLCM Grp. v. Drexler*,
   22 Cal. 4th 1084 (Cal. 2000).................................................................................19

*Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*,
   715 F. Supp. 2d 1079 (E.D. Cal. 2010).................................................................16

*Ramos v. Chase Home Fin.*,
   810 F. Supp. 2d 1125 (D. Haw. 2011)...................................................................11

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015).................................................................................5

*Rosas v. Carnegie Mortg., LLC*,
   No. CV 11-7692-CAS, 2012 WL 1865480 (C.D. Cal. May 21, 2012)..................10

*Russell v. United States*,
   308 F.2d 78 (9th Cir. 1962)...................................................................................18

*S.J. v. Issaquah Sch. Dist. No. 411*,
   470 F.3d 1288 (9th Cir. 2006).................................................................................9

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013)...............................................................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)...................................................................................4

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990).................................................................................5

*Simon v. Hartford Life, Inc.*,
   546 F.3d 661 (9th Cir. 2008).................................................................................18

*Smith v. Super. Ct.*,
   10 Cal. App. 4th 1033 (1992)................................................................................19

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013)...................................................................................9

**TABLE OF AUTHORITIES** (*cont.*)                                                    Page(s)

*Starr v. Baca,*
   652 F.3d 1202 (9th Cir. 2011) ........................................................... 10

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ..................................................... 4, 6, 10

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
   Practices, & Prod. Liab. Litig.,*
   826 F. Supp. 2d 1180 (C.D. Cal. 2011) ............................................... 16

*TV Ears, Inc. v. SYK Grp., LLC,*
   No. 16-CV-867, 2016 WL 6248539 (S.D. Cal. Oct. 26, 2016) ............... 5, 7

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.,*
   637 F.3d 1047 (9th Cir. 2011) ........................................................... 12

*Vess v. CIBA-Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003) .................................................... 10, 12

*Walden v. Fiore,*
   134 S. Ct. 1115 (2014) ...................................................................... 6

*In re Wellpoint, Inc. Out-Of-Network UCR Rates Litig.,*
   903 F. Supp. 2d 880 (C.D. Cal. 2012) ................................................ 16

*White v. Green,*
   310 F. App'x 159 (9th Cir. 2009) ....................................................... 18

*Williams v. Yamaha Motor Co.,*
   851 F.3d 1015 (9th Cir. 2017) .......................................................... 6, 7

*Yagman v. Allianz Insurance,*
   No. 15-CV-921, 2015 WL 5553460 (C.D. Cal. May 11, 2015) ......... 18, 19

*Yagman v. Bray,*
   2015 WL 10433429 (C.D. Cal. Dec. 29, 2015) ................................... 16

*Yagman v. Cornell Companies, Inc.,*
   693 F. App'x 495 (9th Cir. 2017) ................................................... 1, 16

*Yagman v. Gabbert,*
   684 F. App'x 625 (9th Cir. 2017) ........................................................ 1

*Yagman v. Garcetti,*
   852 F.3d 859 (9th Cir. 2017) .............................................................. 1

*Yagman v. Redwood Toxicology Labs., Inc.*
   No. CV 14-07444-SVW, 2015 WL 5921100 (C.D. Cal. Aug. 6, 2015) ..... 16

**Statutes**

Bus. & Prof. Code § 17200 ................................................................ 15

Cal. Civil Code § 3294 ..................................................................... 19

Cal. Welf. Code § 15610.30 ............................................................... 15

DEFENDANTS' MOTION TO DISMISS                                          2:17-cv-6022

v

**TABLE OF AUTHORITIES** (*cont.*)                                    Page(s)

California Code of Civil Procedure § 415.40.................................................................8

California Code of Civil Procedure § 417.20.................................................................8

**Rules**

Fed. R. Civ. P. 23(d)(1)(D)..........................................................................................18

Fed. R. Civ. P. 26(a)......................................................................................................3

Fed. R. Civ. Pro. 4(l)......................................................................................................8

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

Plaintiff Stephen Yagman is a frequent *pro se* litigant who often seeks to turn

4 individual contract claims into putative nationwide class action lawsuits alleging fraud

5 and asserting supposed violations of the Racketeer Influenced and Corrupt

6 Organizations Act ("RICO").  These complaints are routinely narrowed, and often

7 entirely dismissed at the pleading stage.[2]  This case is similar, and should meet a

8 similar fate for several reasons:

9

*First*, Defendants Aetna, Inc., Aetna Life Insurance Company, Mark T.

10 Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and

11 Allen Wise all should be dismissed for lack of personal jurisdiction.  Plaintiff

12 concedes these defendants are citizens of different states, he does not plead any facts

13 tying them to the alleged incidents giving rise to this suit, and his conclusory

14 allegation that they "did . . . business" in California is plainly insufficient to satisfy his

15 burden of establishing the type of contacts necessary for specific personal jurisdiction

16 to attach to these defendants.

17

*Second*, Plaintiff has not demonstrated proper service of process on *any*

18 defendant.  To begin, Plaintiff has not even filed a proof of service for any of the

19 Defendants other than Mr. Wise, which is sufficient grounds to grant this motion.

20 With respect to Mr. Wise, the supposed "proof of service" confirms that service was

21 not made.  Plaintiff never attempted to deliver the Complaint and summons

22 personally, but instead dropped it in the mail the day after filing, and sent it to an

23 employer Mr. Wise retired from in 2013.  The failure to properly serve any Defendant

24 is grounds to dismiss the Complaint or, at a minimum, quash service.

25

26

27

28

---

[2]  *See, e.g., Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017); *Yagman v. Gabbert*, 684 F. App'x 625, 628 (9th Cir. 2017); *Yagman v. Cornell Companies, Inc.*, 693 F. App'x 495, 499 (9th Cir. 2017).

1    *Third*, the Complaint fails to state a claim because Plaintiff fails to offer well-

2    pleaded, plausible facts.  Mr. Yagman vaguely alleges that "Defendants" promised to

3    pay for unidentified prescription medications and then allegedly failed to pay (or

4    untimely paid, the Complaint isn't clear) for the medications in furtherance of some

5    fraudulent "RICO scheme."  The Complaint relies on group pleading of bare

6    conclusions, and thus does not satisfy Rule 8(a) or 9(b).

7    *Fourth*, in the event this Court does not dismiss the entire Complaint—and it

8    should—several allegations must be stricken.  Plaintiff, as a *pro se* litigant, cannot

9    prosecute a class action or recover attorneys' fees, making these allegations improper

10   and immaterial.  Plaintiff's prayer for punitive damages also should be stricken

11   because the Complaint includes no factual allegations suggesting that any defendant

12   acted with fraud, malice, or oppression.

## II.    ALLEGED FACTS AND PROCEDURAL HISTORY

14   Plaintiff alleges that he "and the company defendants entered into a written . . .

15   contract of insurance . . . beginning on January 1, 2017," but he does not attach the

16   contract or quote any of its terms.  (Compl. ¶ 5.)  Rather, he avers that "the material

17   terms of that contract are that (a) plaintiff pay monthly premiums and (b) defendants

18   pay for plaintiff's prescription medications."  (*Id.*)  While it is not pleaded in the

19   Complaint, Defendant First Health Life and Health Insurance Company assumes that

20   Plaintiff may be referring to his membership in the First Health Part D Value Plus

21   (PDP) plan, which was effective January 1, 2017.

22   The "company defendants" allegedly made unspecified "material

23   representation[s]" regarding his coverage and, "beginning on June 1, 2017, refused to

24   pay for Plaintiff's prescription medications."  (*Id.* ¶¶ 7-13.)  On various dates in April

25   through June 2017, defendants Ms. Kelly, Ms. Jeffers, and Ms. Glabicki[3] supposedly

26   "refused to pay for plaintiff's prescription medications, threatened to terminate,

27

28   _____
     [3]  Ms. Glabicki appears to be erroneously identified as "Billa Joe Goldicky."

terminated, and refused to re-instate plaintiff's prescription medication insurance [c]overage [sic] . . . and also refused to refund to plaintiff the premiums plaintiff had paid to the company defendants for the months of June, July, and August, 2017." (*Id.* ¶ 14.)  This allegedly was done pursuant to unidentified "policies" of the company defendants "and those who managed and ran those companies," including Defendants Mr. Bertolini, Mr. Lynch, and Mr. Wise.  (*Id.*)

Plaintiff brings claims for "breach of written agreement," "fraudulent breach of written agreement," "fraud," "financial abuse," "unfair business practices," "insurance bad faith," and "RICO."  (*Id.* ¶¶ 26-68.)

Plaintiff alleges his claims are typical of persons nationwide "whose defining characteristic is that its members were insureds under agreements of insurance with the company defendants . . . and whose claims were not paid, or were not paid in full, or were not timely paid, or whose insurance coverage improperly was terminated, and whose prescription medications were not paid for by defendant companies." (*Id.* ¶ 100.)  He seeks to serve as their class representative.  (*Id.* ¶¶ 104-105.)

Plaintiff's prayer asks the Court to award, among other things, general damages, punitive damages, attorneys' fees, and injunctive relief.  (*Id.* pp. 13-14.)

Plaintiff filed his complaint on August 14, 2017.  (Dkt. 1.)  On September 25, 2017, before Defendants had responded to the Complaint and before the start of any discovery, Plaintiff filed a Motion for (1) Summary Adjudication of the Issue of Breach of Contract; (2) Preliminary Injunction; and (3) Specific Performance. (Dkt. 16.)  On September 28, 2017, the Court denied Plaintiff's Motion for Summary Adjudication and ordered Plaintiff "not to file any motion for summary judgment, partial summary judgment, or summary adjudication until after the exchange of initial disclosures (Fed. R. Civ. P. 26(a)) or the date of the scheduling conference, whichever is later." (Dkt. 23.)  Plaintiff's motion for preliminary injunction and specific performance is set for hearing on November 6, 2017.  (*Id.*)

## III.   THE COURT LACKS PERSONAL JURISDICTION OVER AETNA INC., ALIC, AND THE INDIVIDUAL DEFENDANTS

Defendants Aetna Inc. and Aetna Life Insurance Company ("ALIC"), and every individual named in the Complaint—Mr. Bertolini, Ms. Lynch, Ms. Kelly, Ms. Glabicki, Ms. Jeffers, and Mr. Wise (the "Individual Defendants")—must be dismissed from this case because the Court lacks personal jurisdiction over them.

The Due Process Clauses of the Fifth and Fourteenth Amendments guarantee every civil defendant the right not to be sued in a jurisdiction where they are not sufficiently connected. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011). The plaintiff must establish that there is personal jurisdiction over each defendant, otherwise the complaint will be dismissed. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

At the pleading stage, a plaintiff is required to make a "prima facie" showing of personal jurisdiction. Although "uncontroverted allegations in the complaint must be taken as true," *id.*, "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden," *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Mr. Yagman has not discharged his pleading burden. He alleges no facts supporting jurisdiction over Aetna Inc., ALIC, or the Individual Defendants. The *only* allegations related to personal jurisdiction are that (1) "defendants . . . are citizens of . . . Pennsylvania, Connecticut, and Maryland" (Compl. ¶ 1); and (2) "Defendants did both general business and case-specific business and engaged in conduct directed at and in California" (*id.* ¶ 2). Those allegations are insufficient to haul Aetna Inc., ALIC, and the Individual Defendants into this forum.

The personal jurisdiction analysis should end here, as Plaintiff's failure to *separately plead* each defendant's alleged jurisdictional contacts is "fatal." *Kinslow v. Pullara*, 538 F.3d 687, 693 (7th Cir. 2008). "Each defendant's contacts with the forum State must be assessed individually," and they cannot be lumped together.

DEFENDANTS' MOTION TO DISMISS                                    2:17-cv-6022

1  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Sher v. Johnson*,

2  911 F.2d 1357, 1365-66 (9th Cir. 1990) ("[Personal] jurisdiction depends only upon

3  each defendant's relationship with the forum" and "must be established individually").

4  Yet that is precisely the defective practice Plaintiff employed here.  *See*, *e.g.*, *TV Ears,*

5  *Inc. v. SYK Grp., LLC*, No. 16CV867-GPC(WVG), 2016 WL 6248539, at *6 (S.D.

6  Cal. Oct. 26, 2016) (allegations directed at "Defendants" did not meet prima facie

7  burden); *Leroy-Garcia v. Brave Arts Licensing*, No. C 13-01181 LB, 2013 WL

8  4013869, at *8 (N.D. Cal. Aug. 5, 2013) ("allegations that the undifferentiated"

9  defendants "solicited and took orders from customers in the Northern District of

10  California" did not satisfy plaintiff's burden).

11       While it is not necessary to continue the analysis, further scrutiny confirms that

12  Plaintiff cannot carry his burden of establishing either general or specific personal

13  jurisdiction over these defendants, as described below.

14  **A.    Plaintiff Fails To Establish General Personal Jurisdiction**

15       General jurisdiction "permits a court to hear 'any and all claims' against a

16  defendant, whether or not the conduct at issue has any connection to the forum."

17  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  "Because the assertion of

18  judicial authority over a defendant is much broader in the case of general jurisdiction

19  than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an

20  exacting standard for the minimum contacts required."  *Id.* at 1069 (internal quotation

21  marks omitted).  "[O]nly a limited set of affiliations with a forum will render a

22  defendant amenable to all-purpose jurisdiction there.  For an individual, the paradigm

23  forum for the exercise of general jurisdiction is the individual's *domicile*; for a

24  corporation, it is an equivalent place, one in which the corporation is fairly *regarded*

25  *as at home*."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (emphasis added).

26  Outside of "exceptional case[s]" not present here, a corporation is "at home" only in

27  its "place of incorporation and its principal place of business."  *Ranza*, 793 F.3d at

28  1069.

Here, Plaintiff admits that the Individual Defendants **are not** domiciled in California, and he likewise admits that Aetna Inc. and ALIC are incorporated outside of this state. (Compl. ¶ 1 (averring that **all** Defendants are citizens of "Pennsylvania, Connecticut, and Maryland").) There is no question that none of these defendants is "at home" in California, such that there cannot be general personal jurisdiction over any of them.

### B.   No Allegations Support Specific Personal Jurisdiction

When a defendant is located outside the forum, courts may "exercise specific jurisdiction . . . only when three requirements are satisfied: (1) the defendant either 'purposefully direct[s]' its activities or 'purposefully avails' itself of the benefits afforded by the forum's laws; (2) the claim 'arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice, i.e., it [is] reasonable.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (citation omitted). "[F]or a court to have specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Id.* at 1022-23 (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)).

The Complaint does not satisfy any of these three requirements.

First, Plaintiff offers the conclusory allegation that Defendants engaged in business "directed at and in California" (Compl. ¶ 2), but the Ninth Circuit has made clear that such "'bare bones' assertions of minimum contacts . . . unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz*, 476 F.3d at 766 (holding that "conclusory allegations that '[defendants] directed communication into the [state] and otherwise conducted business therein'" were insufficient); *see also Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). Here, there are no allegations describing how Aetna, Inc. or ALIC engaged in business in this state, much less how any such activities are connected to Plaintiff's claims. Nor are there

1    any allegations tying the Individual Defendants to this state.

2         Second, because Plaintiff does not allege any contacts between any defendant

3    and California—let alone the "substantial connection" required by Due Process,

4    *Williams*, 851 F.3d at 1023—he also cannot show how any of his claims "arise out of"

5    those contacts.

6         Third, exercising jurisdiction over Aetna Inc., ALIC, and the Individual

7    Defendants would be unreasonable.  The burden on these out-of-state Defendants (*see*

8    Compl. ¶ 1) to litigate in California is substantial, and is not outweighed by any

9    purported convenience to Plaintiff, who claims to be a "citizen[] of … New York"

10   (*id.*).  Further, Plaintiff "has the burden of proving the unavailability of an alternative

11   forum"—something he cannot do.  *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1

12   F.3d 848, 853 (9th Cir. 1993); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1075

13   (9th Cir. 1986) (exercise of personal jurisdiction not reasonable where action could

14   proceed in defendant's home state).  Finally, Plaintiff cannot show that the remaining

15   Defendants (First Health and Coventry) are unable to satisfy any obligations that may

16   arise from the resolution of this dispute, or that Aetna Inc., ALIC, and the Individual

17   Defendants add anything to this litigation.  *See* Lee Decl. ¶¶ 3-6; *see also City of*

18   *Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 666 (6th Cir. 2005)

19   ("unreasonable" to exercise personal jurisdiction over proposed defendant that added

20   "little or nothing" to plaintiffs' claims).

21        At bottom, Mr. Yagman indiscriminately casts a net over non-resident parent

22   companies and individuals, without alleging facts demonstrating that they have any

23   connection to this case or to California.  The law protects these defendants from

24   having to answer claims in this state, and they should be dismissed from this lawsuit.[4]

25

26   _____

4  Although the Complaint makes no attempt to "impute" jurisdictional contacts

27   between employees and employers or between parent companies and their
     subsidiaries, any such attempt would fail.  *See Williams*, 851 F.3d at 1021-25

28   (jurisdictional contacts may not be imputed based on "agency"); *TV Ears*, 2016 WL
     6248539, at *3 ("The mere fact that a corporation is subject to local jurisdiction does

[Footnote continued on next page]

## IV.   PLAINTIFF'S DEFECTIVE SERVICE OF PROCESS REQUIRES DISMISSAL OR, AT A MINIMUM, AN ORDER QUASHING SERVICE

A plaintiff must strictly comply with the rules governing service of process, *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991), and when service is challenged, the plaintiff has the burden to establish its validity. *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012).

Plaintiff has not, and cannot, establish that he validly served ***any*** of the Defendants.  To begin, Plaintiff has failed to file any purported proof of service for any defendant other than Mr. Wise; Plaintiff therefore cannot validly establish service against the Defendants he has not purported to serve.  Fed. R. Civ. Pro. 4(l) ("[u]nless service is waived, proof of service must be made to the court" and "must be by the server's affidavit"); *Ideen v. Straub*, 613 F. App'x 117 (3d Cir. 2015) (affirming dismissal for insufficient service of process).

With respect to Mr. Wise, Plaintiff's "proof-of-service" states that he served the complaint by mailing it to "Allen Wise at his address in Bethesda, Maryland, 6730-B Rockledge Drive," and Plaintiff claims that this complies with California Code of Civil Procedure §§ 415.40 and 417.20.  (Dkt. 18.)

Plaintiff is wrong on both the facts and the law.  To begin, the return mail receipt is not signed by Mr. Wise, nor is it signed by someone claiming authority to accept service of a summons and complaint on Mr. Wise's behalf.  (*Id.*)  None of this is surprising; the address Mr. Yagman used appears to be associated with a Coventry Health Care office, and Mr. Wise retired from Coventry more than four years ago, in ***May 2013***.  Wise Decl. ¶ 2.  He now is a resident of Kansas.  *Id.* ¶ 3.

Mailing a summons and complaint to an office of a company that Mr. Wise left many years ago is not proper service.  California Code of Civil Procedure section 415.40 states that the complaint must be sent "to the person," and the Judicial Council

---

[Footnote continued from previous page]
not necessarily mean its nonresident officers, directors, agents, and employees are subject to jurisdiction as well.").

notes clarify that this is "generally at his place of residence."  Cal. Code Civ. Proc. § 415.40.  Further, section 417.20 states that "proof of service shall include evidence satisfactory to the court establishing ***actual delivery to the person to be served***, by a signed return receipt or other evidence."  *Id.* § 417.20 (emphasis added.)  Plaintiff's proof of service attaches a delivery receipt signed by "D Bem," without any evidence identifying who that person is or why Plaintiff believes receipt by "D Bem" in Delaware constitutes effective service on Mr. Wise, who resides in Kansas.

Because Plaintiff has not demonstrated proper service, this Court is entitled to use its "broad discretion to dismiss the action or to retain the case but quash the service."  *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

## V.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT UNDER ANY LEGAL THEORY

Even if the Complaint did not suffer from these procedural deficiencies, dismissal would still be warranted for failure to state a claim.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *IV Sols., Inc. v. United HealthCare Servs., Inc.*, No. CV 16-09598-MWF (AGRx), 2017 WL 3018079, at *5 (C.D. Cal. July 12, 2017) (Fitzgerald, J.) (quoting *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)).  Under Federal Rule 8(a), "[t]he Court must disregard allegations that are legal conclusions, even when disguised as facts."  *IV Sols.*, 2017 WL 3018079, at *5-6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).  "[P]laintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *IV Sols.*, 2017 WL 3018079, at *6 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014)).  After stripping away the "conclusory statements," the remaining factual allegations must do more than "create[] a suspicion [of] a legally cognizable right of action"; they must "raise a right to relief above the speculative

1 level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).

2 This analysis provides a critical gatekeeping function; claims must be sufficiently

3 plausible such "that it is not unfair to require the opposing party to be subjected to the

4 expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216

5 (9th Cir. 2011).

6      Further, claims sounding in fraud are "subject to Rule 9(b)'s heightened

7 pleading requirements." *Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th

8 Cir. 2003). The plaintiff must allege the "time, place, and specific content of the false

9 representations as well as the identities of the parties to the misrepresentations."

10 *Swartz*, 476 F.3d at 764 (citation omitted). Moreover, a plaintiff "must, at a minimum

11 identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Id.* at 765

12 (citation and quotation omitted); *see also Rosas v. Carnegie Mortg., LLC*, No. CV 11-

13 7692 CAS (CWx), 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) ("The

14 requirement of specificity in a fraud action against a corporation requires the plaintiff

15 to allege the names of the persons who made the allegedly fraudulent representations,

16 their authority to speak, to whom they spoke, what they said or wrote, and when it was

17 said or written.") (citation omitted).

18      Rather than alleging any facts establishing plausible claims against each

19 Defendant, Plaintiff impermissibly relies on group pleading of conclusory assertions,

20 which fails to meet the rigors of Rule 8(a), much less Rule 9(b)'s heightened pleading

21 standard.

22     **A.**    **Plaintiff Impermissibly Relies on Group Pleading**

23     "Each defendant is entitled to know what he or she did that is asserted to be

24 wrongful" and "[a] complaint based on a theory of collective responsibility must be

25 dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *see also*

26 *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *5

27 (N.D. Cal. May 5, 2011) ("Plaintiff's failure to indicate which defendant was allegedly

28 responsible for which wrongful act and to provide well-pleaded factual allegations in

1    support of each cause of action renders the Complaint deficient under Rule 8").[5]

2          Here, the Complaint does not tie a single allegation of wrongdoing to any

3    particular defendant.  Rather, Plaintiff attributes each allegation to either the four

4    "company defendants," the six "individual defendants," or all ten "defendants."

5    Paragraph 14 of the Complaint identifies all six Individual Defendants by name but,

6    even then, vaguely alleges that three of them (Kelly, Glabicki, and Jeffers) collectively

7    engaged in unspecified acts, and that the other three (Bertolini, Lynch, and Wise)

8    collectively "ratified, acquiesced in, and condoned" that conduct.  This is no substitute

9    for well-pleaded facts setting forth what each particular defendant is alleged to have

10   done to bring about Plaintiff's purported harm, and this bare-bones approach to

11   pleading is not sufficient to withstand a motion to dismiss.  *See Bank of Am.*, 725 F.3d

12   at 818.

### B.    Plaintiff's Vague and Conclusory Allegations Do Not Satisfy Either Rule 8(a) or 9(b)

15         Even if Plaintiff had tied his allegations to specific Defendants—and he did

16   not—the Complaint would still have to be dismissed because it lacks any *factual*

17   allegations and relies on vague and conclusory speculation of wrongdoing.

18         For example, Plaintiff refers to vague contractual obligations and

19   representations regarding his coverage, and makes various allegations that

20   prescription medication claims were not handled properly.  While Defendant First

21   Health Life & Health Insurance Company does show that Mr. Yagman was a member

22   of the First Health Part D Value Plus (PDP) plan effective January 1, 2017, and

23   assumes that this is the agreement Plaintiff invokes, the Complaint is less than clear on

24   that point.  Moreover, the Complaint never states what things each Defendant was

---

25   [5] *See also, e.g.*, *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 594-95 (1st Cir.
26   2011) ("[A]n adequate complaint must include not only a plausible claim but also a
     plausible defendant . . . . [T]here is nothing in the complaint beyond raw speculation
27   to suggest that *the named defendants* participated" in the alleged wrongdoing)
     (emphasis in original); *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1131-32 (D.
28   Haw. 2011) ("The [complaint] fails to make particular allegations as to Title Guaranty
     and therefore fails to state a claim that is plausible on its face as to Title Guaranty").

obligated to do under the plan, and how they failed to do them, what representations were made and why they purportedly were false, why Plaintiff's prescription benefits claims were allegedly handled improperly, and whether the claims were to be handled in accordance with the written terms of the First Health Part D Value Plus (PDP) plan, or some other agreement.

The Complaint also falls far short of Rule 9(b). Rule 9(b) applies to all of Plaintiff's claims because he alleges "a unified course of fraudulent conduct," and each claim is based on that unified course of fraudulent conduct. *Vess*, 317 F.3d at 1104-05 (9th Cir. 2003). Specifically, paragraphs 5 through 25 allege a broad "scheme . . . to defraud" involving "material misrepresentation[s]" and "further misrepresentations," that Defendants carried out since at least since "2011" and involving "at least 10 instances" and at least one additional insured (Compl. ¶¶ 5-25). The Complaint purports to incorporate all of those allegations of a fraudulent scheme into all seven "counts." (*Id*. ¶ 4). Even Plaintiff's "Breach of Written Agreement" claim is founded on the exact same "things alleged hereinabove" as his "*Fraudulent* Breach of Written Agreement" claim, and the two claims are repeated verbatim and are indistinguishable. (*Compare id*. ¶ 26, *with id*. ¶ 27). In light of Plaintiff's own allegations, there is no basis for finding that any of his claims do not sound in fraud, and all of them must therefore be supported by particularized allegations. *See Andren v. Alere, Inc.*, 207 F. Supp. 3d 1133, 1140 (S.D. Cal. 2016) (applying Rule 9(b) to CLRA, UCL, and unjust enrichment claims because they "are premised on a uniform course of fraudulent conduct"); *Adelphia Recovery Tr. v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 319 (S.D.N.Y. 2009) ("Rule 9(b) extends to all averments of fraud or mistake, whatever may be the theory of legal duty-statutory, common law, tort, contractual, or fiduciary.").

Here, the Complaint makes vague claims of representations, intent, and reliance, but no attempt at identifying "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent

DEFENDANTS' MOTION TO DISMISS                    2:17-cv-6022

statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted).  This type of general allegation "is precisely what Rule 9(b) aims to preclude." *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011).

### C.     Each Claim Suffers from Numerous Additional Pleading Defects

Even if Plaintiff's claims satisfied Rules 8(a) and 9(b)—and they do not (*supra* pp. 9-12)—the Complaint would still have to be dismissed due to its numerous pleading deficiencies.

#### 1.     Breach & Fraudulent Breach of Written Agreement (Counts 1 and 2)

Plaintiff's breach-of-contract claims are insufficiently pled for a number of reasons; the most fundamental is that he does not adequately allege any contract terms. "[T]he terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." *Alvarado v. Aurora Loan Servs., LLC*, No. SACV 12-0524-DOC-(JPRx), 2012 WL 4475330, at *4 (C.D. Cal. Sept. 20, 2012) (citation omitted).  "Alternatively, a plaintiff can . . . alleg[e] the substance of [the contract's] relevant terms[,]" but "[t]his is more difficult because it requires a 'careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.'" *Id.* (citation omitted).

Here, the Complaint does not include a careful or comprehensive analysis of any contract terms, and instead relies on bare conclusions.  Although it is not alleged in the Complaint, Defendant First Health did issue Plaintiff a membership in the First Health Part D Value Plus (PDP) plan, but Plaintiff does not clarify whether this is the contract he seeks to invoke; and if is, he fails to specify which defendants allegedly entered into it, what each defendant's contractual obligation is, and how they allegedly breached it, failing to give the type of notice that Rule 8 requires.  *See Mahmoud v. Select Portfolio, Inc.*, No. 3:17-CV-00568-MEJ, 2017 WL 3387470, at *4 (N.D. Cal. Aug. 7, 2017) ("Plaintiff's breach of contract claim fails because he does not specify

which defendant, Wells Fargo or Select Portfolio, entered into a binding settlement agreement with him").

All Plaintiff does is vaguely aver that there exists a contract requiring him to "pay monthly premiums" and that defendants "pay claims for plaintiff's prescription medications" in exchange.  (Compl. ¶ 5.)  Courts regularly dismiss contract claims where, as here, the contract is described in general and nonspecific terms.[6]  At minimum, Plaintiff should be required to set forth a pleading that identifies the particular agreement with the specific defendant(s) that he seeks to enforce, and clarify what that particular defendant allegedly did to violate that agreement.  At present, Defendants are left to guess about the agreement being invoked and what their purported role is with regard to it.

### 2.   *Fraud (Count 3)*

In addition to not pleading any alleged misrepresentation with specificity, Plaintiff also fails to adequately allege other elements of his fraud claim, including reliance and damages.  Plaintiff pleads the legal conclusions that he "justifiably relied" on unspecified representations and "was harmed and damaged by his reliance" (Compl. ¶ 28), but Rules 8(a) and 9(b) require more:  Plaintiff must plead *facts* demonstrating why his alleged reliance on specific representations was purportedly justified, and how that reliance caused him harm and damages; his failure to do so requires dismissal.  *See Mackell v. Wells Fargo Home Mortgage*, No. 16-cv-04202-BLF, 2017 WL 373077, at *7 (N.D. Cal. Jan. 26, 2017) (dismissing for failing to adequately allege reliance and damages).

---

[6] *See, e.g., Conroy v. Capital One, N.A.*, No. EDCV 14-01314-VAP (RZx), 2014 WL 12586070, at *6 (C.D. Cal. Sept. 15, 2014) ("She does not attach these documents, set out their terms verbatim in the FAC, or provide a careful analysis of their terms."); *Ohlweiler v. Bank of Am. Corp.*, No. 3:15-CV-2268-GPC-KSC, 2015 WL 8484526, at *3 (S.D. Cal. Dec. 9, 2015) ("Plaintiff's conclusory statement that 'these agreements were made for the benefit of the Plaintiff and Plaintiff was the intended third party beneficiary . . .' does not suffice to plead the contract's legal effects.") (citation omitted); *Kent v. Microsoft Corp.*, No. SACV13-0091 DOC (ANx), 2013 WL 3353875, at *3 (C.D. Cal. July 1, 2013) ("Plaintiff provides no information as to what exactly was promised by the Defendant").

### 3.   *Financial Abuse (Count 4)*

"Financial abuse" is not a freestanding claim—it provides heightened remedies for other violations of law.  *See Berkley v. Dowds*, 152 Cal. App. 4th 518, 529 (2007); *cf. Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 743-744 (2010) (noting split in authority over whether financial abuse is a freestanding claim).  Because "financial abuse" "does not create a new tort or independent theory of liability," the claim should be dismissed.  *Olsen v. North Am. Co. for Life and Health Ins.*, No. E041640, 2009 WL 3166639, at *7 (Cal. Ct. App. Oct. 2, 2009) (unpub.)

Even if the Court permits Plaintiff to proceed with "financial abuse" as an independent claim, Plaintiff fails to plead facts that would support it.  There are no allegations that Defendants' conduct was "wrongful" or involved an "intent to defraud," as is required by the statute.  Cal. Welf. & Inst. Code § 15610.30.  Plaintiff alleges that Defendants terminated his coverage and did not pay for unidentified medications, but, as explained above, he does not aver how that constituted some sort of fraud.  *Supra* p. 14.

### 4.   *Unfair Business Practices (Count 5)*

"Unfair business practices" is not a legally cognizable claim.  Even if Mr. Yagman intended this reference to invoke California's Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17209 ("UCL"), he never identifies any "unfair" conduct within the meaning of that statute.  Specifically, Plaintiff "advances no factual allegations to support the claim that [Defendants' conduct] threatens to violate the letter, policy, or spirit of the antitrust laws," nor does he identify any "advertisements [that] were against public policy, immoral, unethical, oppressive, or unscrupulous."  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1170 (9th Cir. 2012).  Accordingly, the claim must be dismissed.  *Id.* at 1171.

### 5.   *Insurance Bad Faith (Count 6)*

Plaintiff's failure to plead a breach of contract (*supra* pp. 13-14) also dooms his claim for bad-faith breach of contract.  *See Mahmoud*, 2017 WL 3387470, at *5 ("a

DEFENDANTS' MOTION TO DISMISS                    2:17-cv-6022

1   claim for breach of the implied covenant of good faith and fair dealing requires the
2   same elements as a breach of contract claim—*plus* a showing that Defendants
3   deprived Plaintiff of a benefit conferred by the contract") (emphasis added).

4          Even had Plaintiff alleged a breach, he has failed to allege any "unreasonable"
5   conduct—as required for a bad-faith claim.  Merely asserting that Defendants were
6   obligated to pay for certain medications and did not do so is not enough.  Rather, "a
7   complaint must allege facts which demonstrate a failure or refusal to discharge
8   contractual responsibilities 'prompted not by an honest mistake, bad judgment, or
9   negligence, but rather by a conscious and deliberate act, which unfairly frustrates the
10  agreed common purposes and disappoints the reasonable expectations of the other
11  party.'" *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079,
12  1088 (E.D. Cal. 2010) (dismissing bad-faith claim over a simple coverage dispute)
13  (citation omitted); *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins.
14  Co.*, 90 Cal. App. 4th 335, 346-347 (2001) ("The mistaken [or erroneous] withholding
15  of policy benefits, if reasonable or if based on a legitimate dispute as to the insurer's
16  liability under California law, does not expose the insurer to bad faith liability.")
17  (citation omitted).  Here, Plaintiff alleges no facts elevating his claim above a good-
18  faith dispute, requiring dismissal.

19              ***6.      RICO (Count 7)***

20          Like Plaintiff's numerous other failed RICO claims (*supra* p. 1 n.2), this one
21  simply parrots the statutory provisions, and its "allegations . . . are entirely conclusory
22  and lack the factual content necessary to state claims under RICO."  *Yagman*, 693 F.
23  App'x at 498.

24          Among numerous other pleading defects, Plaintiff fails to allege:  (1) an
25  underlying fraudulent scheme with specificity, *see Eclectic Props.*, 751 F.3d at 997-
26  999; (2) "at least two predicate acts by *each* defendant," *In re Wellpoint, Inc. Out-Of-
27  Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 914 (C.D. Cal. 2012) (emphasis in
28  original); *Yagman v. Bray*, No. CV 15-5512 FMO (JCx), 2015 WL 10433429, at *8

n.11 (C.D. Cal. Dec. 29, 2015) (dismissing RICO claim that "impermissibly lumps together all defendants"); and (3) a "pattern of racketeering activity" based on "the relatedness and continuity of the [alleged] acts," *Yagman v. Redwood Toxicology Labs., Inc.*, No. CV 14-07555-SVW (CW), 2015 WL 5921100, at *5-6 (C.D. Cal. Aug. 6, 2015).

Further, Plaintiff does not allege an illegal enterprise that is *distinct* from the regular affairs of a corporation and its employees.  *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1202 (C.D. Cal. 2011).  A complaint, like Plaintiff's, is "insufficient to state a [RICO] claim" when it "alleges no more than that Defendants' primary business activity . . . was conducted fraudulently." *Id.* at 1202-03; *see also Chagby v. Target Corp.*, No. CV 08-4425-GHK (PJWx), 2009 WL 398972, at *1 n.2 (C.D. Cal. Feb. 11, 2009) ("If, as alleged, Target Corp. and its subsidiaries are a RICO enterprise, then every corporation that has subsidiaries and commits fraud is an enterprise for RICO purposes.  That is not the law.").

### D.    Plaintiff Pleads No Facts Supporting Personal Liability Against the Individual Defendants

Although the Complaint fails to state a claim against any Defendant (*supra* pp. 9-17), the claims against the Individual Defendants fail for the additional reason that Plaintiff alleges no facts establishing their personal liability.  The general rule is well established that an employee, acting on behalf of his employer and within the scope of his employment, is not personally liable to third parties.  *See, e.g., Moore v. La Habra Relocations, Inc.*, 501 F. Supp. 2d 1278, 1280 (C.D. Cal. 2007) ("as an agent of the disclosed principal Wheaton, La Habra cannot be held liable for any alleged breach of the bill of lading as a matter of law"); *Doctors' Co. v. Super. Ct.*, 49 Cal. 3d 39, 45 (1989) ("ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract"); *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966) ("[L]iability to the applicant or

1   insured for acts or contracts of an insurance agent within the scope of his agency, with

2   a full disclosure of the principal, rests on the company.").

3         Here, Plaintiff alleges that all of the Individual Defendants "work for, are

4   employed by, [and] are agents of" the corporate defendants (Compl. ¶ 3), but never

5   pleads why they are personally liable for the conduct alleged in the Complaint.

6   Because the Complaint does not identify any basis for the Individual Defendants to be

7   held liable other than acts performed during their employment, the Complaint fails to

8   state any claims against them personally, and they should be dismissed from this case.

9           **VI.   PLAINTIFF CANNOT REPRESENT A CLASS *PRO SE***

10        As Plaintiff knows from other cases he has filed, attempting to simultaneously

11  represent himself and a putative class is improper, and is sufficient grounds for a

12  motion to strike the class allegations.  *Yagman v. Allianz Ins.*, No. LA CV15-00921

13  JAK (JCx), 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking class

14  allegations because as a *pro se* litigant, Mr. Yagman "cannot serve as an adequate

15  class representative").  Accordingly, if the Court allows any portion of the Complaint

16  to survive dismissal, it should at minimum strike the class allegations.

17        Much like he does here, in *Allianz*, Mr. Yagman attempted to represent himself

18  and a class of individuals who purchased a travel insurance policy.  The court (Judge

19  Kronstadt) struck the class allegations—at the pleading stage—recognizing that the

20  Ninth Circuit, and the several district courts within it, have "'routinely adhered to the

21  general rule prohibiting pro se plaintiff from pursuing claims on behalf of others in a

22  representative capacity.'"  *Id.* (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664

23  (9th Cir. 2008)); *see also Perondi v. Schriro*, 370 F. App'x 805 (9th Cir. 2010)

24  (holding that *pro se* plaintiff could not serve as a class representative); *White v. Green*,

25  310 F. App'x 159, 160 (9th Cir. 2009) (same).  There is good reason for this rule:  a

26  "litigant appearing in propia persona has no authority to represent anyone other than

27  himself."  *Russell v. U.S.*, 308 F.2d 78, 79 (9th Cir. 1962).

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' MOTION TO DISMISS

18

2:17-cv-6022

The deficiency with Plaintiff's plan to serve as a *pro se* class representative (and presumably, class counsel) is a categorical one that appears on the face of the Complaint, rendering it susceptible to a motion to strike. *Yagman v. Allianz*, 2015 WL 5553460, at *4; *see also* Fed. R. Civ. P. 23(d)(1)(D) (authorizing court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly"); *Langan v. United Serv. Auto. Ass'n*, 69 F. Supp. 3d 965, 988-989 (N.D. Cal. 2014) (granting motion to strike class allegations asserted by *pro se* litigant).

## VII.  PLAINTIFF CANNOT RECOVER ATTORNEYS' FEES

Plaintiff also knows from prior actions that he cannot recover attorneys' fees as a *pro se* litigant. *See Yagman v. Allianz*, 2015 WL 5553460, at *5 (striking Mr. Yagman's prayer for attorneys' fees "because a self-represented plaintiff is not entitled to recover attorney's fees").  This rule is well established,[7] and Plaintiff's prayer for "fees" incurred to represent himself should be stricken, should the case survive dismissal.

## VIII.  NO FACTUAL ALLEGATIONS SUPPORT THE PRAYER FOR PUNITIVE DAMAGES

"To seek punitive damages, a plaintiff must *factually allege* 'oppression, fraud, or malice.'"  *Estrada v. Gate Gourmet, Inc.*, No. CV 17-1100-MWF(FFMx), 2017 WL 2468773, at *8 (C.D. Cal. June 6, 2017) (Fitzgerald, J.) (quoting Cal. Civ. Code § 3294) (emphasis added).

The Complaint includes no such factual allegations, and, accordingly, the punitive damages prayer should be stricken.  *See, e.g.*, *id.* ("The Court agrees that Plaintiff's single allegation that his termination was 'done with intent to cause injury to Plaintiff' and was 'oppressive, malicious and despicable' is entirely inadequate.");

---

[7]  *See PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1092 (2000) ("the term 'attorney fees' implies the existence of an attorney-client relationship, i.e., a party receiving professional services from a lawyer").

*Grieves v. Super. Ct.*, 157 Cal. App. 3d 159, 166 (1984) (reversing denial of motion to strike punitive damages because "[n]ot only must there be circumstances of oppression, fraud or malice, but facts must be alleged in the pleading to support such a claim"); *Smith v. Super. Ct.*, 10 Cal. App. 4th 1033, 1042 (1992) (directing superior court to strike a prayer for punitive damages because the complaint was "devoid of any factual assertions supporting a conclusion [defendants] acted with oppression, fraud or malice").

## IX.   CONCLUSION

Plaintiff has, again, employed a bare-bones complaint in an attempt to assert claims against defendants he has not properly served, against several parties that the Court lacks personal jurisdiction over, and based on conclusory allegations that fail to meet the pleading standards.  Plaintiff's Complaint should be dismissed.


DATED:  October 16, 2017              RICHARD J. DOREN
                                      GIBSON, DUNN & CRUTCHER LLP


                                      By:_____/s/ *Richard J. Doren*_____
                                              Richard J. Doren
                                      Attorneys for Defendants