1  RICHARD J. DOREN (SBN 124666)
    rdoren@gibsondunn.com
2  TIMOTHY W. LOOSE (SBN 241037)
    tloose@gibsondunn.com
3  MICHAEL J. HOLECEK (SBN 281034)
    mholecek@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
5  Los Angeles, California  90071-3197
    Telephone:  (213) 229-7000
6  Facsimile:    (213) 229-7520

7  Attorneys for Aetna Life Insurance Company,
    Aetna Inc., Coventry Health Care, Inc., First
8  Health Life & Health Insurance Company, Mark
    T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie
9  Jo Glabicki, Chelsea Jeffers, and Allen Wise

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>NATASSIA KELLY, BILLA JOE GOLDICKY, CHELSEA JEFFERS, MARK T. BERTOLINI, KAREN S. LYNCH (ROHAN), ALLEN WISE, FIRST HEALTH LIFE & HEALTH INSURANCE COMPANY, AETNA, INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE, INC., and TEN DEFENDANTS, 1-10,<br><br>  Defendants. | Case No. 2:17-cv-6022 MWF (PJWx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Complaint Filed:   Aug. 14, 2017<br><br>Hearing Date:   Nov. 27, 2017<br>Time:                     10:00 a.m.<br>Place:                    Courtroom 5A<br><br>The Honorable Michael W. Fitzgerald, District Judge |

Defendants Coventry Health Care, Inc. and First Health Life & Health Insurance Company, and Specially Appearing Defendants Aetna Life Insurance Company, Aetna, Inc., Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise (together, the "Defendants"),[1] submit this opposition to Plaintiff Stephen Yagman's Motion to Strike under Federal Rule of Civil Procedure 12(f), and request that the Court deny the motion.

## I.   PLAINTIFF'S MOTION IS NOT PERMITTED UNDER RULE 12(f)

Plaintiff's motion to strike should be denied because it is procedurally improper. Plaintiff asks the Court to strike certain portions from three of Defendants' memorandums of points and authorities under Rule 12(f), but that rule cannot be used to strike language from briefs.  Because Rule 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," the Ninth Circuit has instructed that "only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 131829, at *10 (S.D. Cal. Jan. 13, 2017) ("Motions to strike apply only to pleadings, and courts are unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto.") (quotation and citation omitted).

Despite this clear guidance, Plaintiff's motion challenges statements contained in the memorandums supporting two ex parte applications (both of which were granted, *see* Dkts. 7, 9, 21, & 23), and Defendants' motion to dismiss (Dkt. 24).  None of the filings identified by Plaintiff's motion to strike is defined as a "pleading" under Rule 7(a), which enumerates the specific documents considered "pleadings" under the federal rules.  *See* Fed. R. Civ. P. 7(a) (listing "a complaint; an answer to a complaint;

---

[1] Defendants preserve their arguments that (i) this Court lacks personal jurisdiction over Aetna Life Insurance Company, Aetna, Inc., Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise, and (ii) Plaintiff's failure to demonstrate proper service of process on any defendant is grounds to dismiss under Rule 12(b)(5).  (*See* Dkt. 24.)

OPPOSITION TO MOTION TO STRIKE
Case No. 2:17-cv-6022 MWF (PJWx)

Gibson, Dunn & Crutcher LLP

an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer" as the only "pleadings" allowed).  Plaintiff cites no cases that have construed Rule 12(f) as allowing a district court to strike material not contained in a "pleading" as defined in Rule 7(a), much less in memorandums of points and authorities in support of ex parte applications and legally permissible motions.

Plaintiff therefore cannot invoke Rule 12(f) here, and the motion to strike should be denied on this basis alone.  *See*, *e.g.*, *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2015 WL 11216774, at *2 (C.D. Cal. Aug. 3, 2015) (denying motion to strike because "Fed. R. Civ. P. 7 defines pleadings *not* to include motions to dismiss . . . or the like") (emphasis in original); *Renard v. San Diego Unified Port Dist.*, No. 06-CV-2665 H(BLM), 2007 WL 2262853, at *1 (S.D. Cal. Aug. 6, 2007) (moving to strike arguments from defendants' motion to dismiss was "improper"); *Ferris v. City of San Jose*, No. 11-CV-01752-LHK, 2012 WL 1355715, at *4 (N.D. Cal. Apr. 18, 2012) (holding that Rule 12(f) was "inapplicable" to defendants' motion to dismiss).

## II. PLAINTIFF HAS NOT DEMONSTRATED THAT DEFENDANTS' STATEMENTS ARE "IMMATERIAL, IMPERTINENT, OR SCANDALOUS"

Even if Plaintiff's motion were procedurally proper (and it is not), Mr. Yagman has not made any showing that the statements he wants stricken are "immaterial, impertinent, or scandalous."  Plaintiff does not quote the statements he contends should be stricken,[2] and he offers nothing more than his bald assertion that the

---

[2] The statements Plaintiff places in issue are:

Dkt. 7 at 1:3-4 (Plaintiff incorrectly cites page 4): "Plaintiff Stephen Yagman is a disbarred attorney who has chosen to represent himself in this action *pro se*."

Dkt. 21 at 4:1-11: "This is not the first case in which Plaintiff has filed a patently premature motion for summary adjudication.  In *Yagman v. Redwood Toxicology Lab. Inc.*, Plaintiff filed a motion for summary adjudication before the defendants responded to the complaint (No. 2:14-cv-07555-SVW-CW, Dkt. No. 15) and then inundated the court and the defendants with several additional motions for summary adjudication. (*See, e.g., id.*, Dkt. Nos. 19, 78, 101.)  The district court took

arguments and legal citations in Defendants' briefing are "immaterial, impertinent, and scandalous." These bare bones allegations are woefully insufficient to meet Plaintiff's burden of demonstrating that references to pertinent, undisputed facts, and citations to relevant legal authorities, cast him in a "cruelly derogatory light" or that they have "no essential or important relationship to the claim for relief or the defenses being pleaded." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 938 (N.D. Cal. 2013) (concluding that allegations that defendants engaged in improper business practices did not rise to the level of "scandalous" or "immaterial"); *Davis v. Prof'l Musicians Local 47*, No. SACV 12-0960 (ANx), 2013 WL 12124388, at *10 (C.D. Cal. Mar. 28, 2013) (Under Rule 12(f), "the moving party bears the burden of showing that a matter is 'redundant, impertinent, or scandalous'").

Moreover, "courts in [the Central District] generally deny motions to strike when, as here, the moving party fails to show prejudice." *Mary Pickford Found. v. Timeline Films, LLC*, No. CV 12-6070-PSG (DTBx), 2013 WL 12131550, at *2 (C.D. Cal. Jan. 11, 2013). Plaintiff does not attempt to establish any prejudice if his motion to strike is denied, and there is no conceivable harm that would come from the citations to relevant legal authorities and truthful descriptions of matters pertinent to these proceedings.

///

///

///

---

Plaintiff's motions "off calendar" (*see, e.g., id.*, Dkt. No. 38) and then denied his motions as "as premature in light of the pending motions to dismiss." (*Id.*, Dkt No. 211.) The Ninth Circuit summarily affirmed dismissal of Plaintiff's motions, noting that "no discovery [had taken] place." *Yagman v. Cornell Companies, Inc.*, No. 15-56581, 2017 WL 1950425, at *2 (9th Cir. May 10, 2017)."

Dkt. 24 at 1:3-8: "Plaintiff Stephen Yagman is a frequent pro se litigant who often seeks to turn individual contract claims into putative nationwide class action lawsuits alleging fraud and asserting supposed violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). These complaints are routinely narrowed, and often entirely dismissed at the pleading stage. [Footnote citing cases] This case is similar, and should meet a similar fate for several reasons[.]"

OPPOSITION TO MOTION TO STRIKE
Case No. 2:17-cv-6022 MWF (PJWx)

3

Gibson, Dunn & Crutcher LLP

At bottom, Plaintiff has not invoked the proper procedure or made the proper showing for striking anything in Defendants' filings, and Plaintiff's motion should be denied for both of these separate and independent reasons.

Dated: November 6, 2017

GIBSON, DUNN & CRUTCHER LLP

By: _____
Timothy W. Loose

Attorneys for Defendants Aetna Life Insurance Company, Aetna Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise