RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
TIMOTHY W. LOOSE (SBN 241037)
tloose@gibsondunn.com
MICHAEL J. HOLECEK (SBN 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Aetna Life Insurance Company, Aetna Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>            Plaintiff,<br><br>     v.<br><br>NATASSIA KELLY, BILLA JOE GOLDICKY, CHELSEA JEFFERS, MARK T. BERTOLINI, KAREN S. LYNCH (ROHAN), ALLEN WISE, FIRST HEALTH LIFE & HEALTH INSURANCE COMPANY, AETNA, INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE, INC., and TEN DEFENDANTS, 1-10,<br><br>            Defendants. | Case No. 2:17-cv-6022 MWF (PJWx)<br><br>The Hon. Michael W. Fitzgerald<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR:**<br><br>**(1) LACK OF PERSONAL JURISDICTION;**<br><br>**(2) INSUFFICIENT SERVICE OF PROCESS;**<br><br>**(3) FAILURE TO STATE A CLAIM;**<br><br>**AND, ALTERNATIVELY,**<br><br>**MOTION TO STRIKE**<br><br>Date:    November 20, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 5A<br><br>Complaint Filed: August 14, 2017 |

### I. PLAINTIFF'S TWO-PAGE BRIEF PROVIDES NO REASON WHY HIS CLAIMS SHOULD NOT BE DISMISSED

Plaintiff's drive-thru opposition brief offers either superficial or nonexistent responses to Defendants' Motion to Dismiss. This alone compels dismissal of the Complaint. *See*, *e.g.*, *Haddock v. Countrywide Bank, NA*, No. CV 14-6452 PSG (FFMx), 2015 WL 9257316, at *8 (C.D. Cal. Oct. 27, 2015) (failure to "directly address[]" an argument in a motion to dismiss constitutes waiver); *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10. 2010) (deeming plaintiff's failure to address claims challenged in a motion to dismiss an "abandonment of those claims").

The Motion to Dismiss should also be granted on its own merit, as it establishes several independent grounds for dismissal:

*First*, the Court lacks personal jurisdiction over defendants Aetna, Inc., Aetna Life Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise. (*See* Defs.' Memorandum in Support of Motion to Dismiss, Dkt. 24 ("Mem.") 5–7.) Plaintiff does not address personal jurisdiction at all, and his failure to establish the Court's jurisdiction over these defendants requires that they be dismissed.

*Second*, Plaintiff has not demonstrated proper service of process on any defendant. (*Id.* 8–9.) Rather than prove that proper service was made, Plaintiff responds that Defendants' arguments that they were not properly served are "conclusory," not "cogent," and were made without mentioning Rule 12(b)(5). (Plaintiffs' Opposition, Dkt. 29 ("Opp.") 2). The argument is disingenuous and meritless. Defendants twice cited Rule 12(b)(5) explicitly. (Dkt. 24, Not. of Mot., 1–2.) Defendants' argument about failing to be served is simple and straightforward, and its merit is confirmed by the fact that Plaintiff does not even attempt to argue that he properly served anybody.

*Third*, Plaintiff's vague and conclusory allegations, and his resort to group pleading that "Defendants" allegedly harmed him, does not satisfy either Rule 8(a) or 9(b). (Mem. 10–17.) Plaintiff's only response is that that his Complaint is "consistent with the requirements of" *Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2017 WL 4700093, at *5 (9th Cir. Oct. 20, 2017), and provides enough notice so that Defendants "can prepare an adequate answer." (Opp. 2 (citing *Deutsch v. Flannery*, 823 F.2d 1361, 1365 (9th Cir. 1987)). He is wrong on both counts. In *Davidson*, the plaintiff identified a specific advertising statement, on a specific product, attributed to a specific defendant. She then set forth the details of her purchase, her experience with the product, and the specifics of the subsequent investigation leading her to believe that the advertisement was false. *See* 2017 WL 4700093, at *2–3.

Plaintiff offers none of these types of factual allegations. He vaguely alleges a "fraudulent scheme," but never identifies any false statements, when or where we saw or heard them, or which Defendants allegedly made them. (Mem. 11–13.) Further, unlike *Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987) (cited at Opp. 2), Plaintiff "has not provided 'enough information … to frame a responsive pleading,'" because Defendants have not "'received precise statements' of allegedly fraudulent conduct," and it is unclear which alleged conduct Plaintiff attributes to which particular Defendant. *Desoto v. Condon*, 371 F. App'x 822, 824 n.2 (9th Cir. 2010) (distinguishing *Deutsch* and affirming dismissal of complaint with prejudice for "fail[ure] to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation'") (citations omitted).

*Fourth*, and at a minimum, if the case is not dismissed in its entirety, then the Court should strike Plaintiff's class action, attorneys' fees, and punitive damages allegations. (Mem. 18–20.) Plaintiff asks the Court to preserve his class action allegations because, *if* he successfully certifies a class, *then* he will search for a class representative and class counsel. (Opp. 2.) That is not the way class actions work. Rule 23 requires courts to evaluate class representatives and class counsel *before*

certification. *See* Fed. R. Civ. Pro. 23(a)(3)-(4). In any event, Plaintiff's current status as a *pro se* litigant requires that his class action allegations be stricken, and he does not address any of Defendants' on-point authorities. (Mem. 18 (citing cases, including *Yagman v. Allianz Ins.*, No. LA CV15-00921 JAK (JCx), 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking class allegations because as a pro se litigant, Mr. Yagman "cannot serve as an adequate class representative")).)

Similarly, Plaintiff cannot pursue a claim for attorneys' fees based on pure speculation that, at some point in the future, he could decide to hire an attorney. (Opp. 3.) This same argument was rejected in *Yagman v. Allianz Ins.*, 2015 WL 5553460, at *5 (cited at Mem. 19).

Plaintiff's punitive damages allegations also should be stricken because he pleads no *facts* demonstrating that any defendant acted with oppression, fraud, or malice. (Mem. 19-20.) Plaintiff does not identify any allegations that would support a claim of punitive damages, and he merely cites an inapposite case discussing the proper punitive damages charge to be given to a jury at trial, not what allegations are required on the pleadings. (Opp. 3 (citing *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005)).)

Plaintiff's failure to respond to any of these points confirms that the motion to dismiss is well-taken. And because Plaintiff has failed to explain what additional facts or allegations he would add to an amended complaint, the motion should be granted with prejudice. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming dismissal without leave to amend where plaintiff did not offer "additional facts that could solve the deficiencies in the complaint").

///
///
///
///
///

Dated: November 6, 2017

GIBSON, DUNN & CRUTCHER LLP

By: _____
Timothy W. Loose

Attorneys for Defendants Aetna Life Insurance Company, Aetna Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, Chelsea Jeffers, and Allen Wise