UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV-17-6022-MWF (PJWx)**                     Date:  **November 8, 2017**
Title:      Stephen Yagman v. Natassia Kelly, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                                    Court Reporter:
      Rita Sanchez                                     Not Reported

      Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
      None Present                                      None Present

**Proceedings (In Chambers):**  ORDER RE: PLAINTIFF'S MOTION FOR (1) SUMMARY ADJUDICATION OF THE ISSUE OF BREACH OF CONTRACT; (2) PRELIMINARY INJUNCTION; AND (3) SPECIFIC PERFORMANCE [16]

      Before the Court is Plaintiff Stephen Yagman's Motion for (1) Summary Adjudication of the Issue of Breach of Contract; (2) Preliminary Injunction; and (3) Specific Performance, filed on September 25, 2017.  (the "Motion") (Docket No. 16). On September 28, 2017, the Court denied that portion of the Motion seeking summary adjudication as to Plaintiff's breach of contract claim and set a briefing schedule as to the remainder of the Motion.  (Docket No. 23).  On October 23, 2017, Defendants Coventry Healthcare, Inc. ("Coventry"), First Health Life & Health Insurance Company ("First Health"), Aetna Life Insurance Company ("Aetna Life") and Aetna, Inc. ("Aetna") (collectively, the "Insurance Defendants") – the only Defendants to which Plaintiff's preliminary injunction and specific performance portions of the Motion applied – filed an Opposition.  (Docket No. 26).  On October 30, 2017, Plaintiff filed a Reply.  (Docket No. 30).

      The Motion is noticed for November 6, 2017.  The Court has read and considered the papers on this Motion and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  For the reasons stated below, the Court **DENIES** the Motion *without prejudice*.

---

CIVIL MINUTES—GENERAL                                               1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV-17-6022-MWF (PJWx)**          Date:  **November 8, 2017**
Title:      Stephen Yagman v. Natassia Kelly, et al.

On August 14, 2017, Plaintiff filed a Complaint against the Insurance Defendants and Natassia Kelly, Billa Joe Goldicky, Chelsea Jeffers, Mark T. Bertolini, Karen S. Lynch (Rohan), and Allen Wise (collectively, the "Individual Defendants"), who Plaintiff claims "work for, are employed by, are agents of, and are part of" the Insurance Defendants.  (Complaint ¶ 3).  The crux of the Complaint is that Plaintiff and the Insurance Defendants entered into a contract pursuant to which Plaintiff agreed to pay the Insurance Defendants monthly premiums in exchange for which the Insurance Defendants agreed to "insure plaintiff for prescription medications, beginning on January 1, 2017, and to pay claims for plaintiff's prescription medications."  (*Id.* ¶¶ 5-6).  Plaintiff alleges that, notwithstanding the fact that he "paid monthly premiums," the Insurance Defendants, via the Individual Defendants, terminated his insurance coverage effective June 1, 2017, and thereafter refused to reinstate it, forcing Plaintiff "to pay for his own prescription medications."  (*Id.* ¶¶ 7, 12-14).  Plaintiff also alleges that he paid premiums for the months of June, July, and August 2017 that Defendants have improperly retained notwithstanding the termination of coverage.  (*See id.* ¶¶ 14, 15).  Plaintiff asserts breach of contract, fraud, and civil RICO claims, among others. (*See id.* ¶¶ 26-108).

On September 25, 2017, Plaintiff filed the instant Motion, through which he sought summary judgment as to his breach of contract claim and a preliminary injunction requiring "defendants [to] re-instate plaintiff's prescription medication insurance and then continue to fund plaintiff's prescription medications."  (Mot. at 10).  As noted above, on September 28 the Court denied the portion of the Motion seeking summary judgment, so all that remains is Plaintiff's request for a preliminary injunction (Plaintiff's request for specific performance is subsumed in his request for a preliminary injunction).

The insurance contract at issue is a Medicare Part D policy through First Health for which Plaintiff paid a $42.30 monthly premium.  (*See* Mot. at 3-4, Ex. 1, 2, 7-11).  It appears that, rather than paying $42.30 monthly, Plaintiff paid $126.90 every three months.  (*See id.*).  The genesis of the termination of coverage, and this lawsuit, appears to be that:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6022-MWF (PJWx)              Date:  November 8, 2017
Title:       Stephen Yagman v. Natassia Kelly, et al.

- Plaintiff paid his monthly premiums for January and February 2017;

- in January 2017, Plaintiff incurred $365.99 in prescription costs, and
  Defendants took several months to reimburse Plaintiff $296.24 of this
  amount;

- given this outstanding reimbursement balance, Plaintiff did not make full
  monthly premium payments until May 9, 2017, seemingly believing that
  he was not responsible for them in light of the pending reimbursement
  and/or that the $296.24 he was owed would be applied to his premiums;

- Plaintiff and one or more of the Individual Defendants engaged in written
  correspondence (only letters from Defendants are included with the
  Motion), and Plaintiff was informed that his coverage would be
  terminated if he did not pay his outstanding balance by May 31, 2017;

- Plaintiff received a check in in the amount of $296.24 in mid-May 2017,
  thereby satisfying the outstanding reimbursement that was owed with
  respect to the January prescription costs;

- Plaintiff made two payments of $126.90 in early June 2017 – after the
  May 31 past-due deadline imposed by Defendants – and Defendants
  terminated Plaintiff's insurance coverage effective June 1, 2017.

(*See* Mot. 3-5, Ex. 2-11).

        In their Opposition, the Insurance Defendants state that on October 17, 2017,
Plaintiff's membership in the relevant First Health Medicare Part D plan was
reinstated, with a retroactive effective date of June 1, 2017, and that "[t]he premiums
that would have been owed for the period in which coverage was interrupted have been
waived by First Health."  (Declaration of Melissa Weber ("Weber Decl.") ¶ 4; Opp. at
2).  "Provided that [Plaintiff] fulfills his obligation to timely make his premium
payments going forward, he will continue as a member of the plan, and will continue

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6022-MWF (PJWx)              Date:  November 8, 2017
Title:      Stephen Yagman v. Natassia Kelly, et al.

being eligible for benefits under the plan, until December 31, 2017." (Weber Decl. ¶ 5). So long as he timely makes his premium payments, he can elect to re-enroll for 2018. (*See id.*). Thus, according to Defendants, Plaintiff's Motion is moot because he has already gotten what he asked for in connection with his preliminary injunction request.

In his Reply, Plaintiff does not dispute that he has been re-enrolled in the First Health plan, but argues that he is nonetheless entitled to a preliminary injunction providing for the same relief because Defendants are certain to cancel his policy again if Plaintiff "does not pay premiums defendants state he owes, but which never will be paid, because they are not owed." (Reply at 5). Plaintiff provides some clarity in his accompanying Declaration: "On May 25, 2017, I paid three months of premiums to defendants to cover the months of June, July, and August 2017, but since my coverage thereafter was cancelled, effective June 1, 2017, and since defendants have waived premiums from June 1, 2017 to October 31, 2017, my plan premiums are fully paid until January 31, 2018, so that I do not owe any premiums until February 1, 2018. Defendants['] statement that I would owe premiums is false." (Declaration of Stephen Yagman ¶ 3). It seems that Plaintiff is referring to an undated check in the amount $126.90 that appears to have been deposited on June 5, 2017. (*See* Mot. Ex. 6).

It is apparent to the Court that the only real remaining dispute concerns whether Plaintiff made a payment of $126.90 in late May or early June 2017 that was meant to pay for coverage in June, July, and August 2017 (after the policy had been cancelled), whether one or more of the Defendants received and retained these funds, and, if so, what Defendants intend to do with those funds in light of the fact that they have agreed to waive premium payments for the months of June through October.

The Court understands Plaintiff's concern about the $126.90 he allegedly paid to Defendants in late May or early June 2017. What do the Insurance Defendants intend to do with that payment? Do they intend to return it to Plaintiff promptly? Apply it to future premiums in whole or in part? Something else? Defendants shall respond to Plaintiff's concerns about these funds by no later than **November 20, 2017**. In connection with that response, Defendants shall detail the timing and amounts of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-6022-MWF (PJWx)**              **Date:  November 8, 2017**
Title:      Stephen Yagman v. Natassia Kelly, et al.

payments Plaintiff must make in order to avoid termination of the Part D plan in light of Defendants' intended disposition of the late May/early June $126.90 payment.

However, Plaintiff is currently re-enrolled in his First Health Medicare Part D policy, and the disposition of $126.90 is hardly the proper subject of a preliminary injunction motion.  The Defendants' reinstatement of Plaintiff's Part D plan has preserved the status quo pending the resolution of this lawsuit, rendering a preliminary injunction unnecessary.  *See McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) ("the purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits").  Plaintiff's Motion is thus **DENIED** *as moot without prejudice* to renewal if the Part D policy is unjustifiably cancelled in the future.

IT IS SO ORDERED.