RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
TIMOTHY W. LOOSE (SBN 241037)
tloose@gibsondunn.com
MICHAEL J. HOLECEK (SBN 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Aetna Life Insurance Company, Aetna Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, and Chelsea Jeffers

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>Plaintiff,<br><br>v.<br><br>NATASSIA KELLY, BILLIE JOE GLABICKI, CHELSEA JEFFERS, MARK T. BERTOLINI, KAREN S. LYNCH (ROHAN), FIRST HEALTH LIFE & HEALTH INSURANCE COMPANY, AETNA, INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE, INC., and TEN DEFENDANTS, 1-10,<br><br>Defendants. | Case No. 2:17-cv-6022 MWF (PJWx)<br><br>The Hon. Michael W. Fitzgerald<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*[Notice of Motion and Motion, Supporting Memorandum of Points and Authorities, and Declaration of Edward Lee filed concurrently herewith]*<br><br>Complaint Filed:  August 14, 2017 |

This matter is before the Court on Defendants Aetna Life Insurance Company, Aetna Inc., Coventry Health Care, Inc., First Health Life & Health Insurance Company, Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, and Chelsea Jeffers ("Defendants") Motion to Dismiss First Amended Complaint for (1) Lack of Personal Jurisdiction; (2) Insufficient Service of Process; (3) Failure to State a Claim; and, Alternatively, Motion to Strike.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' Motion is **GRANTED** on the grounds stated in Defendants' Motion.

2. Plaintiff has not established that this Court has general personal jurisdiction over Aetna Inc., Aetna Life Insurance Company, Coventry Health Care, Inc., Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, and Chelsea Jeffers. These defendants are not at home in California, and Plaintiff has not demonstrated the minimum contacts with California that are required to subject them to general personal jurisdiction here. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011).

3. Plaintiff has not established that this Court has specific personal jurisdiction over Aetna Inc., Aetna Life Insurance Company, Coventry Health Care, Inc., Mark T. Bertolini, Karen S. Lynch, Natassia Kelly, Billie Jo Glabicki, or Chelsea Jeffers. Exercising personal jurisdiction over these defendants under these circumstances would be unreasonable because they have not purposefully availed themselves of the privilege of conducting activities in California, and Plaintiff's claims do not arise out of any conduct by these defendants that took place in California. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017).

4. Plaintiff has not demonstrated proper service of process on any of the Defendants. Accordingly, the Court grants this Motion pursuant to Rule 12(b)(5).

5. Plaintiff fails to properly state any claims for relief. Instead of directing allegations to any specific defendants, he impermissibly relies on group pleading of

bare conclusions, unsupported by any factual allegations, which is insufficient under either Rule 8(a) or 9(b).

6. This Court also strikes Plaintiff's class-action allegations in paragraphs 300-308 of the First Amended Complaint and prayer for attorneys' fees (First Am. Compl. at 19, prayer #5). As a *pro se* litigant, Plaintiff cannot represent anyone other than himself, and he cannot recover any "attorneys' fees" purportedly incurred from the self-representation.

7. This Court also strikes Plaintiff's prayer for punitive damages (First Am. Compl. at 19, prayer #2) because the Complaint includes no factual allegations suggesting that any defendant acted with fraud, malice, or oppression.

8. This Court also strikes Plaintiff's gratuitous references to defense counsel and their firm (First Am. Compl. ¶¶ 235, 263) because these matters are immaterial, impertinent, and scandalous under Rule 12(f).

**IT IS SO ORDERED.**

DATED:_____, 2018          _____
                                       The Honorable Michael W. Fitzgerald
                                       UNITED STATES DISTRICT JUDGE