UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6022-MWF (PJWx)                    Date:  November 28, 2017
Title:    Stephen Yagman v. Natassia Kelly, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                                   Court Reporter:
    Rita Sanchez                                    Not Reported

    Attorneys Present for Plaintiff:                Attorneys Present for Defendant:
    None Present                                    None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS' MOTION TO DISMISS FOR: (1) LACK OF PERSONAL JURISDICTION; (2) INSUFFICIENT SERVICE OF PROCESS; (3) FAILURE TO STATE A CLAIM; AND, ALTERNATIVELY, MOTION TO STRIKE [24]

    Before the Court is Defendants' Motion to Dismiss for: (1) Lack of Personal Jurisdiction; (2) Insufficient Service of Process; (3) Failure to State a Claim; and, Alternatively, Motion to Strike, filed on October 16, 2017 (the "Motion"). (Docket No. 24). On October 30, 2017, Plaintiff filed an Opposition. (Docket No. 29). On November 6, 2017, Defendants filed a Reply. (Docket No. 33).

    The Motion was scheduled to be heard on November 27, 2017. The Court read and considered the papers on this Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. The Court now **DENIES** the Motion **as moot**.

    On August 14, 2017, Plaintiff filed a 14-page Complaint, the crux of which was that Plaintiff and certain Defendants entered into a contract pursuant to which Plaintiff agreed to pay those Defendants monthly premiums in exchange for which those Defendants agreed to "insure plaintiff for prescription medications, beginning on January 1, 2017, and to pay claims for plaintiff's prescription medications." (Complaint ¶¶ 5-6). Plaintiff alleged that, notwithstanding the fact that he "paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-6022-MWF (PJWx)          Date: November 28, 2017
Title:     Stephen Yagman v. Natassia Kelly, et al.

monthly premiums," the Defendants terminated his insurance coverage effective June 1, 2017, and thereafter refused to reinstate it, forcing Plaintiff "to pay for his own prescription medications." (*Id.* ¶¶ 7, 12-14). Plaintiff also alleged that he paid premiums for the months of June, July, and August 2017 that Defendants have improperly retained notwithstanding the termination of coverage. (*See id.* ¶¶ 14, 15). Plaintiff asserted breach of contract, fraud, and civil RICO claims, among others. (*See id.* ¶¶ 26-108).

On October 16, 2017, Defendant filed the Motion, seeking dismissal of all claims in the Complaint on, *inter alia*, personal jurisdiction and inadequate pleading grounds. Defendants served Plaintiff with the Motion on the same day. (Docket No. 25). On November 9, 2017, 24 days after being served with the Motion, Plaintiff filed a 20-page Amended Complaint asserting the same claims, albeit with some additional content. (Docket No. 37).

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Plaintiff was served with the Motion on October 16. Twenty-one days after October 16 was November 6. The First Amended Complaint, filed on November 9, is thus untimely if Plaintiff is attempting to amend "as a matter of course."

Nonetheless, the Court would not have granted Defendants' Motion without providing Plaintiff at least one opportunity to amend. Through his First Amended Complaint, which he drafted with the benefit of Defendants' Motion, Plaintiff has taken that opportunity, albeit before the Court ruled on the Motion.

Additionally, on November 27, 2017, Defendants filed a Motion to Dismiss the First Amended Complaint, with a hearing dated noticed for January 29, 2018. (Docket No. 45). In that the First Amended Complaint is now Plaintiff's operative pleading and that Defendants have already filed a Motion to Dismiss the First Amended Complaint, the Court will deny Defendants' first Motion as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-17-6022-MWF (PJWx)          **Date:**  November 28, 2017
Title:     Stephen Yagman v. Natassia Kelly, et al.

Accordingly, the Motion (Docket No. 24) is **DENIED as moot**.

IT IS SO ORDERED.