STEPHEN YAGMAN
475 Washington Boulevard
Venice Beach, California 90292-5287
(310) 452-3200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DIVISION

| | |
|---|---|
| **STEPHEN YAGMAN,**<br>Plaintiff,<br>v.<br>**NATASSIA KELLY,** *et al.*,<br>Defendants. | 2:17-cv-06022-MWF(PJWx)<br>**PLAINTIFF'S RESONSE TO COURT'S NOVEMBER 28, 2017 MINUTE ORDER, DOC. 49**<br>Judge Michael W. Fitzgerald |

In its November 28, 2017 minute order, Doc. 49, the court states that:

> Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Plaintiff was served with the Motion on October 16. Twenty-one days after October 16 was November 6. The First Amended Complaint, filed on November 9, is thus untimely if Plaintiff is attempting to amend "as a matter of course."

Doc. 49, at 2:¶ 3.

Rule 6(d), Fed. R. Civ. P., "**Additional Time After Certain Kinds of Service**," provides that "[w]hen a party may or must act within a specified period of time after service and service is made under Rule 5(b)(2)(C) . . . , 3 days are

added after the period would otherwise expire under Rule 6(a)." Rule 5(b)(2)(C) provides for service by "mailing it to the person's last known address . . . ."

Therefore, since service of defendants' motion to dismiss was made on October 16 pursuant to Rule 5(b)(2)(C), by mail, *see* Proof of Service of motion to dismiss, Doc. 25, 2:21-25[1], plaintiff was entitled to 21 days plus three days, in which to file his first amended complaint, so that it would appear that the first amended complaint timely was filed, within 24 days from October 16 -- on November 9. There appears to have been no impropriety on plaintiff's part as to timing of the filing of the first amended complaint, nor as to his having "drafted [it] with the benefit of Defendants' Motion [to dismiss]." Min. Ord. at 2:¶3.

If plaintiff in any wise is mistaken in his analysis and/or calculation, plaintiff would appreciate the court telling him why that is.

Respectfully submitted,

**STEPHEN YAGMAN**

[1] And service was not properly made, since proofs of service by mail are required to be made on personal knowledge by the person who actually deposits the service with the USPS, and not by a person who puts a material to be served into an office mail pick-up system or office box not maintained by the USPS. Were defendants again to use this "desk top box" form of service, plaintiff would move to strike any such documents purported to be served by this illegal means.

## DECLARATION OF SERVICE

On the date set forth on the signature line below, I served the preceding paper, **PLAINTIFF'S RESONSE TO COURT'S NOVEMBER 28, 2017 MINUTE ORDER, DOC. 49**, on all interested parties whose names and whose addresses are listed below the signature line, by placing a true copy thereof enclosed in a sealed envelope with full postage thereon fully prepaid in the United States mail at Los Angeles, California, and I declare the foregoing to be true under the penalty of perjury at Los Angeles, California on the date stamped on the signature line, below.

11/28/2017

SIGNATURE DATE

**SERVICE LIST**

Richard Doren, Esq.
Gibson, Dunn & Crutcher
333 South Grand Avenue
Los Angeles, CA 90071

YAGMAN & REICHMANN
475 WASHINGTON BOULEVARD
VENICE BEACH, CALIFORNIA 90292-5287
MWF
RECEIVED
CLERK, U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
DEPUTY
Clerk, USDC
312 N. Spring St.
L.A., CA 90012-4793
USA
Tiffany Lamp
USA two ounce